NORTH CHICAGO CITY RAILWAY COMPANY

*v.*

TOWN OF LAKE VIEW.

*Filed at Springfield Sept. 28, 1882—Rehearing denied January Term, 1883.*

1. MUNICIPAL CORPORATION—*power to declare use of steam to propel cars in streets a nuisance.* Under provisions in a town charter giving the board of trustees the control and supervision of the highways, streets, alleys, public grounds and parks within its limits, and power "to define and declare what shall be deemed nuisances, and to prevent and abate the same, and provide for the punishment of offenders against any order or ordinance passed concerning the same, by fine or imprisonment, or both," the town authorities will be warranted in passing an ordinance declaring the use of steam as a motive power to propel any street car or other vehicle upon or along any street railway or horse railroad, located or running upon or along any street, etc., in the town, to be a nuisance, and prohibit, under penalties for the violation of such an ordinance, in the absence of any legislative grant authorizing it, the use of steam as a motive power in propelling street cars.

2. SAME—*extent of power to declare a nuisance.* Under a general grant of power to declare what shall be a nuisance, town authorities will have no right to pass an ordinance declaring a thing a nuisance which is clearly not such, such as the trade and calling of a physician, druggist, and the like. In all such cases as these, courts, acting upon their own experience and knowledge of human affairs, would say, as matter of law, the exercise of these trades or callings, or things of like character, are not nuisances, and that any attempt to so declare them would be an unwarranted abuse of the power.

3. In doubtful cases, however, when a thing may or may not be a nuisance, depending upon a variety of circumstances requiring judgment and discretion on the part of the town authorities in exercising their legislative functions, under a general delegation of power to declare and define what shall be nuisances, their action, under such circumstances, would be conclusive of the question.

4. On the other hand, there are many things which courts, without proof, will, on the same principle, declare nuisances, as, for instance, the digging of a pit, or erection of a house, or other obstruction, in a public highway, and an ordinance declaring such things a nuisance would be valid on its face, and a conviction might be had under it without any extrinsic proof to show the act complained of was in fact a nuisance. In all such cases it is sufficient to show the existence of the fact constituting the nuisance.

5. Of this character is the use of steam for the purpose of propelling street cars along a public street in a thickly populated town, in the absence of any legislative grant authorizing it to be done. Such a use of steam is, *per se,* a nuisance.

6. STREET RAILWAY—*charter construed as to motive power to be used.* A charter authorizing a company thereby incorporated to maintain and operate a street railway along and over a public street in an incorporated town, which is silent as to the character of the motive power to be used for propelling the company's cars, will be intended as giving the right to use that kind of motive power which would be most conducive to the best interests and safety of the public having occasion to use the street as a common highway, and which was, at the time of passing the charter, in ordinary use.

7. STATUTE—*use of title in construction.* As the constitution of 1848 required the subject of all private or local laws to be expressed in their titles, the title of such an act may be looked to in the construction of the law in connection with the words and provisions in the law itself.

8. ERROR—*when not material or fatal.* The refusal of a trial court, in trying a case without a jury, to pass upon written propositions of law submitted by a party, if an error, is not such a one as to be ground for the reversal of a judgment clearly proper. Error will not always reverse.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Criminal Court of Cook county; the Hon. KIRK HAWES, Judge, presiding.

Mr. W. C. GOUDY, for the appellant:

The declaration by the board of trustees that the use of steam, etc., is a nuisance, is not sufficient evidence that it is a nuisance, and did not relieve the prosecution from proving that fact. Dillon on Municipal Corporations, (3d ed.) sec. 374; *Yates* v. *Milwaukee,* 10 Wall. 504; *Chicago, Rock Island and Pacific R. R. Co.* v. *Joliet,* 79 Ill. 44; *State* v. *Jersey City,* 5 Dutch. 170; *Town of Lake View* v. *Letz,* 44 Ill. 82; *Lake View* v. *Rosehill Cemetery Co.* 70 id. 195.

A general power to define and declare nuisances, will not enable them to declare that a nuisance which was not a nuisance by the general law. *Chicago, Rock Island and Pacific R. R. Co.* v. *Joliet,* 79 Ill. 23; *Everett* v. *Council Bluffs,* 46 Iowa, 66; *Pye* v. *Peterson,* 45 Texas, 312; *Darst* v. *People,* 51 Ill. 256; *Eubanks* v. *Ashley,* 36 id. 177.

The corporate authorities had no power to pass the ordinance unless the prohibited act amounted to a nuisance. Dillon on Municipal Corporations, secs. 141, 89; *Cook County* v. *McCrea,* 93 Ill. 236; *Sherlock* v. *Winnetka,* 68 id. 530; *Culver* v. *Hatch,* 18 Ohio, 523; *Martel* v. *East St. Louis,* 94 Ill. 67; *People* v. *Village of Crotty,* 93 id. 180; *Schott* v. *People,* 89 id. 195; *Mix* v. *Ross,* 57 id. 121; *Ex parte Burnett,* 30 Ala. 461; *Craig* v. *Burnett,* 32 id. 728; *Hill* v. *Decatur,* 22 Ga. 203.

The defendant was authorized to construct a railway in the public highways of Lake View, and operate it by steam. See charter, secs. 2, 5, 6, 10.

A railroad company is not a nuisance. *Chicago, Rock Island and Pacific R. R. Co.* v. *Joliet,* 79 Ill. 41; *State* v. *Jersey City,* 5 Dutch. 175; *Randle* v. *Railroad Co.* 65 Mo. 325; *Hentz* v. *Railroad Co.* 13 Barb. 656; *Drake* v. *Hudson R. R. Co.* 7 id. 508; *Hamilton* v. *Railroad Co.* 9 Paige, 117; *Railroad Co.* v. *Applegate,* 8 Dana, 289; *Chapman* v. *Railroad Co.* 10 id. 360; *A. and P. R. R. Co.* v. *St. Louis,* 66 Mo. 228; *McComber* v. *Nichols,* 34 Mich. 212; *Kellinger* v. *Railroad Co.* 50 N. Y. 206; *Danville R. R. Co.* v. *Commonwealth,* 73 Pa. St. 38; *Struthers* v. *Railroad Co.* 87 id. 282; *Fawn* v. *Railroad Co.* 114 Mass. 350.

Acquiescence in the use of steam for over sixteen years will prevent the board of trustees from declaring such use to be a nuisance. *Railroad Co.* v. *Patterson,* 24 N. J. Eq. 158; *Rossire* v. *Boston,* 4 Allen, 57; *Easton* v. *Railroad Co.* 24 N. J. Eq. 49.


Mr. M. W. ROBINSON, for the appellee:

The town had express power to define and declare what should be nuisances, and many ordinances declaring similar things nuisances have been sustained. *Roberts* v. *Ogle,* 30 Ill. 459; *Van Warner* v. *Albany,* 15 Wend. 263; *Goddard* v. *Jacksonville,* 15 Ill. 588.

Every unreasonable use of a public highway, by which others are hindered or annoyed in a like reasonable use of it, or in the rights incident thereto, is a public nuisance, and may be restrained as such. Wood on Nuisances, secs. 250, 290, 301, 740; 2 Dillon on Municipal Corporations, secs. 520, 538, 565; 2 Redfield on Railways, 578; Angell on Highways, secs. 223, 225; Hurd's Stat. 1881, ch. 38, sec. 221; *Weick* v. *Lander*, 75 Ill. 93; *Davis* v. *Mayor*, 14 N. Y. 524; Pierce on Railroads, 243, note 7.

In the following cases ordinances regulating the speed of locomotives and trains in incorporated cities and towns have been sustained: *Whitson* v. *City of Franklin*, 34 Ind. 392; 5 Hill, 209; *Vearie* v. *Mayo*, 45 Maine, 560; *State* v. *Tupper*, Dudley, (S. C.) 135; *Branson* v. *Philadelphia*, 47 Pa. St. 329; *Philadelphia* v. *Lombard*, 3 Grant's Cases, 403; *Donnaher* v. *State*, 8 Sm. & M. 649; *Railroad Co.* v. *Richmond*, 96 U. S. 521; *Commonwealth* v. *Worcester*, 3 Pick. 473; *New York and Harlem R. R. Co.* v. *Mayor, etc.* 1 Hilton, 562.

That which would be a nuisance, if done under authority of law is justifiable. 2 Redfield on Railways, 408; Wood on Nuisances, sec. 746; Pierce on Railroads, 243, 244.

Without the sanction of legislative authority, the use of steam motive power in a street is necessarily subject to municipal control. *Davis* v. *Mayor*, 4 Kern. 524; *Toledo, Wabash and Western Ry. Co.* v. *Jacksonville*, 67 Ill. 37; *Northwestern Fertilizing Co.* v. *Hyde Park*, 70 id. 644; *Ohio and Mississippi R. R. Co.* v. *McClelland*, 25 id. 140; *Galena and Chicago Union R. R. Co.* v. *Appleby*, 28 id. 283; *Dingman* v. *People*, 51 id. 278.

No authority to use steam power is given by the company's charter, expressly or by implication.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This is an appeal from a judgment of the Appellate Court for the First District, affirming a conviction in the Criminal

Court of Cook county of the North Chicago Railway Company, for using steam as a motive power in operating its railway along and over one of the public streets of the town of Lake View, in Cook county, contrary to the provisions of an ordinance of that town.

The fact of the company's using steam for the purpose of propelling its cars along the street in contravention of an ordinance of the town, is conceded; but the act is sought to be justified on two grounds, both of which are urged by counsel with much earnestness and apparent confidence. First, it is claimed the town had no authority to pass the ordinance declaring the use of steam for the purpose of propelling the company's cars along the street a nuisance, as was attempted to be done. In the next place, it is contended that the act complained of is authorized by the company's charter. We will consider these questions in the order stated.

Appellee is incorporated under the act of 1865, entitled "An act to incorporate a board of trustees for the town of Lake View, in Cook county," and an act amendatory thereof, passed in 1867. By the 1st section of the original act the supervisor, assessor and commissioners of highways of the town of Lake View are declared to be, *ex officio,* a board of trustees for the said town of Lake View, and by other provisions of the two acts are clothed with the ordinary powers usually conferred upon other municipal corporations. By the 7th section of the amendatory act of 1867 it is expressly provided "the board of trustees shall have the control and supervision of the highways, streets, alleys, public grounds and parks in said town;" and by the 11th section it is further provided, "the board of trustees shall have power to define and declare what shall be deemed nuisances, and to prevent and abate the same, and provide for the punishment of offenders against any order or ordinance passed concerning the same, by fine or imprisonment, or both," etc. These provisions, in the absence of any legislative grant authorizing the

use of steam as a motive power for the purpose of propelling street cars, we are of opinion warranted the town in passing the ordinance in question.

We do not at all question the general proposition, which has been argued with so much elaboration by appellant's counsel, that under a general grant of power over nuisances, like the one in question, town authorities have no power to pass an ordinance declaring a thing a·nuisance which in fact is clearly not one. The adoption of such an ordinance would not be a legitimate exercise of the power granted, but on the contrary, would be an abuse of it. But in doubtful cases, where a thing may or may not be a nuisance, depending upon a variety of circumstances requiring judgment and discretion on the part of the town authorities in exercising their legislative functions, under a general delegation of power like the one we are considering, their action, under such circumstances, would be conclusive of the question.

As already conceded, there are many innoxious useful things which the municipal authorities of a town or city could not lawfully, under a general grant of power like the one in question, declare nuisances,—such, for instance, as the exercise of certain trades and callings, as, that of a physician, druggist, and the like. In all such cases as these, courts, acting upon their own experience and knowledge of human affairs, would say, as matter of law, the exercise of these trades or callings, or things of like character, are not nuisances, and that any attempt to so declare them by the municipal authorities would be an unwarranted abuse of their power. On the other hand, there are many things which courts, without proof, will, on the same principle, declare nuisances. Such, for instance, would be the digging of a pit, or the erection of a house, or other obstruction, in a public highway; and an ordinance passed by a town or city having, as in the present case, a general power over the subject, declaring such obstructions nuisances, would be valid

on its face, and a conviction might properly be had under it, without any extrinsic proof to show the act complained of was in fact a nuisance. In all such cases it is sufficient to show the existence of the fact constituting the nuisance. And so we regard the use of steam, in the manner specified in the ordinance, for the purpose of propelling street cars along a public street in a thickly populated town, in the absence of any legislative grant authorizing it to be done. Such a use of steam, under the circumstances stated, is, *per se,* a nuisance.

With respect to the remaining question little need be said. It is conceded the company's charter authorizes it to maintain and operate a street railway along and over the street in question, and it is contended that, inasmuch as the charter is silent as to the character of the power to be used in propelling the company's cars, the company has the option to use for that purpose either steam or horse power, as it may prefer. We think, in such case it would be more reasonable to hold the legislature intended the company should use that kind of motive power in propelling its cars which would be most conducive to the best interests and safety of the public having occasion to use the street as a common highway, and which was then in ordinary use in this State. Giving the charter this construction, horse, and not steam, power was clearly intended.

But, outside of this consideration, we think it sufficiently appears, upon the face of the act itself, that horse, and not steam, power was intended by the legislature. The title of the company's charter is in these words: "An act to promote the construction of *horse railways* in the city of Chicago." The constitution then in force contained this provision: "No private or local law which may be passed by the General Assembly shall embrace more than one subject, and that shall be expressed in the title." In conformity with this constitutional provision, the company's charter contained but

one subject, namely, "*horse railways*," and that was expressed in its title.   No allusion, either in the title or body of the act, is made to steam railways, and to hold the legislature intended to include the latter as well as the former kind of railways, would be, in effect, to hold that that body intended to violate the constitutional provision just cited, and this we are not at liberty to do.   We think it clear, both from the title and body of the act, that its provisions relate only to horse railways, and hence the use of steam as a propelling power could not have been intended by the legislature.

Pending the trial, and before final judgment, the court was asked by appellant's counsel to hold certain written propositions of law, which it refused to do, and this is assigned for error.   Without stopping to inquire whether the court erred in the respect stated, it is sufficient to say, that if we are right upon the questions already discussed, the judgment of the court below was clearly proper, even conceding there was error in refusing to hold said propositions as law.   It is a familiar principle, error does not always vitiate.   *Newkirk* v. *Cone*, 18 Ill. 449 ; *McConnel* v. *Kibbe*, 33 id. 175 ; *Boynton* v. *Holmes*, 38 id. 59 ; *Pahlman* v. *King*, 49 id. 266.

Our conclusion upon the questions considered renders it unnecessary to consider other questions discussed by counsel.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*


Mr. CHIEF JUSTICE SCOTT dissenting.