BENJAMIN POYER

v.

VILLAGE OF DES PLAINES.

1.  MUNICIPAL CORPORATIONS—NUISANCES.—Authority to prevent and abate nuisances may be constitutionally conferred on a municipal corporation, but such power, conferred in general terms, can not be taken to authorize the extra judicial condemnation of that, as a nuisance, which in its nature, situation or use, is not such.

2.  SAME—ORDINANCE AS TO PUBLIC PICNICS, ETC.—The first section of an ordinance of a village was as follows: " All public picnics and open air dances within the limits of this village are hereby declared to be nuisances."  By the second section it was declared that it constituted a nuisance for any person to use or rent to be used any ground for public picnic purposes or open air dances, or to allow the use of such property for any purpose by which disorderly persons are gathered in or about said village.  *Held,* on

appeal from a judgment of the criminal court imposing a fine on appellant for an alleged violation of such ordinance, that so much of the ordinance as declares all public picnics or open air dances, regardless of their character, to be nuisances, is invalid. Whether a gathering is of such a character as to bring it within the clause of the ordinance which declares the use of grounds for the assembling of disorderly persons, etc., to be a nuisance, is a question of fact for the jury.

APPEAL from the Circuit Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding. Opinion filed January 20, 1886.

This is an appeal from a judgment of the Criminal Court of Cook county, imposing a fine of $50 upon appellant for an alleged violation of an ordinance of the village of Des Plaines, in relation to picnics and open air dances. The village of Des Plaines is organized under the general act in relation to cities and villages, and appellant was the owner of grounds lying within the corporate limits of the village, which he rents or uses for picnics and open air dances.

The ordinance is as follows:

" Ordinance declaring picnics and open air dances a nuisance, and prohibiting the same:

Whereas, for several years past various parties, residents of or owning real estate within the village of Des Plaines, have kept and rented for so-called ' picnic' purposes various tracts of timber lands within said village, and in consequence whereof the Chicago and Northwestern Railway Company has been accustomed to run between the city of Chicago and various points within said village certain special railway trains, commonly called picnic trains, whereby large numbers of vicious and abandoned persons are at short intervals brought from said city to said picnic grounds, by which said persons various crimes and misdemeanors have been committed, and

Whereas, by reason of said picnics and the persons gath_ered in and about said grounds in consequence thereof, the people of the said village of Des Plaines are constantly in danger of bodily injury and pecuniary loss through larcenies committed by such persons, and are greatly annoyed in the possession of their property by constantly recurring trespasses

Poyer v. Village of Des Plaines.

which the police of the village are entirely unable to prevent on account of the number of the trespassers thus gathered together on account of said picnics.

Therefore, *Be it ordained by the president and board of trustees of the village of Des Plaines*,

Section 1.   That all public picnics and open air dances within the limits of said village are hereby declared to be nuisances.

Sec. 2.   That for any person or persons to rent, use or allow to be used any yard, ground, grove or other real estate within the corporate limits of the village of Des Plaines for public picnic purposes or for open air dances, or to permit or in any way allow the use of such property for any purpose by which disorderly persons are gathered in or about said village of Des Plaines, shall constitute and is hereby declared to be a nuisance.   Any person creating or permitting any nuisance mentioned and declared in this ordinance to exist, having the right or power to abate the same, shall be subject to a fine of not less than fifty dollars and not exceeding one hundred dollars in every case ; and each renting, using or allowing to be used of any such premises for the purposes aforesaid, or any of them, shall be deemed the creating of a nuisance, and the author thereof be subject to a like fine."

The case was tried by a jury, and the court at the request of the plaintiff gave the following instructions :

The jury are instructed, that the ordinance of the village of Des Plaines, introduced in evidence in this case, is valid and binding in law, and that if you believe from the evidence that the defendant did, on the 31st day of July, A. D. 1883, rent, use, or allow to be used, any yard, ground, grove or other real estate within the corporate limits of the village of Des Plaines for public picnic purposes, or did on said day allow the use of such property for any purpose by which disorderly persons were gathered in or about said village of Des Plaines, then you should find the defendant guilty and assess his fine at a sum not exceeding one hundred dollars nor less than fifty dollars.

The jury are instructed, that picnics held in grounds noto-

riously used for picnic purposes, to which all are admitted without question, there being no barriers to prevent such admission and no discrimination exercised by the proprietors or managers as to such admission, where refreshments are for sale to all who wish to buy, by the owner of the premises for his own profit, are public picnics within the meaning of the ordinance offered in the evidence in this case.

To the giving of which the defendant duly excepted.

And the court refused the following instructions asked by the defendant.

1. The court instructs the jury that the ordinance offered in evidence is void in so far as it seeks to declare all public picnics and open air dances to be nuisances, regardless of the character of such picnics and open air dances.

2. The court instructs the jury, that the mere declaration by the board of trustees of the village of Des Plaines, that all public picnics and open air dances within the limits of said village are nuisances, does not make them nuisances unless they are such in fact. It is for you to determine, therefore, from the evidence, whether or not the picnic alleged to have been held on the 31st day of July, 1883, was or was not a nuisance.

To which refusal of the court to give said instructions the defendant duly excepted.

Mr. JOHN GIBBONS, for appellant.

Messrs. STILES & LEWIS and Mr. C. S. CUTTING, for appellee.

WILSON, J. The plaintiff introduced evidence tending to prove that on July 31, 1883, a picnic was held on defendant's grounds, with his consent, and that a large number of disorderly persons were assembled in and about said grounds, conducting themselves in a riotous manner, drinking, gambling, firing guns, etc., to the great annoyance of the citizens of the village. On the other hand the defendant introduced evidence tending to prove that the grounds were never rented for pub-

Poyer v. Village of Des Plaines.

lic picnics ; that they were only rented for Sunday school and church societies, or societies of that nature ; that on the day in question they were rented to a society known as the Columb-kills Church Society, for the holding of their annual society picnic ; and that there was no drinking or disorderly conduct except such as might have been caused by intoxicating drinks sold in saloons licensed by the village.

By the first section of the ordinance all public picnics and open air dances within the limits of the village are declared to be nuisances, and by section two it is declared to consti-tute a nuisance for any person to use, or rent to be used, any ground for public picnic purposes or open air dances, or to allow the use of such property for any purpose by which dis-orderly persons are gathered in or about said village.

By giving the first instruction for the plaintiff, and refusing the first and second instructions for the defendant, the court, in effect, declared all public picnics and open air dances, re-gardless of their character, to be nuisances, and that it was im-material whether they were conducted in a quiet and orderly manner or otherwise ; it being sufficient to show that the de-fendant permitted a public picnic or open air dance to be held.

To this view we are unwilling to assent. It would be a startling proposition that under this general grant of power authorizing cities and villages to declare what shall be nui-sances, they could prevent the people from assembling in a peaceable and orderly manner, on suitable occasions, to indulge in healthful recreations and innocent amusements. It is diffi-cult to perceive why dancing in the open air is *per se* any more reprehensible or more of a nuisance than playing at leap frog or lawn tennis. The groves and green woods are nature's own temples, to which the people have the right to repair with the consent of the owner, for rational sports and social intercourse, provided they do not disturb the public peace nor encroach upon private rights. The framers of the consti-tution inserted in that instrument a clause making inviolate the right of the people to assemble in a peaceable manner to con-sult for the common good, to make known their opinions to

their representatives, and to apply for redress of their griev-
ances. And it may well be supposed they would have added
the right to assemble for open air amusements had any one
imagined that the power to deny the exercise of such right
would ever be asserted by a municipal corporation.

The question now presented is not whether municipal cor-
porations may not declare riotous and disorderly gatherings
to be nuisances, for in respect to such gatherings the ordi-
nance is only declaratory of the common law. Thus in Rex
v. Moore, 3 Barn. & Adol. 184, (23 Eng. Com. L., 188,) where
the indictment charged the defendant with keeping certain
grounds for the use of persons to practice rifle-shooting, and
permitted idle and disorderly persons armed with guns to meet
there, etc., Lord Tenterden said: "If a person collects to-
gether a crowd of people to the annoyance of his neighbors,
that is a nuisance for which he is answerable. And this is an
old principle."

In the present case the ordinance declares all public picnics
and open air dances nuisances, however quiet and orderly they
may be. In Wood on Nuisances, § 27, it is said, "The ques-
tion is not whether an act has been declared to be, but does
it come within the idea of a nuisance?"

Judge Dillon in his work on Municipal Corporations (3d
Ed.) § 374, in speaking of nuisances and of the power of mu-
nicipal authorities to prevent and abate them, says, "This au-
thority may be constitutionally conferred on the incorporated
place, and it authorizes its council to act against that which
comes within the legal notion of a nuisance; but such power,
conferred in general terms, can not be taken to authorize the
extra judicial condemnation of that as a nuisance which in its
nature, situation or use is not such," citing numerous authori-
ties.

Under the English Municipal Corporation Act, where the
powers conferred are similar to those conferred by our stat-
ute, it is held that the power to suppress nuisances is confined
to the suppression and prohibition of acts which, if done, must
necessarily and inevitably cause a nuisance, and does not em-
power the council to impose penalties for the doing of things

which may or may not be a nuisance according to circumstances. Addison on Torts, 54, citing Everett v. Grapes, 3 T. R. (N. S.) Q. B. 669 ; Wanstead Local Board v. Hill, 13 C. B. (N. S.) 479 ; and see also Darst v. People, 51 Ill. 286 ; Welch v. Stowell, 2 Doug. (Mich.) 332 ; Yates v. City of Milwaukee, 10 Wall. 497 ; in which Mr. Justice Miller said, "The mere declaration by the city council that a certain structure was an encroachment or obstruction, did not make it a nuisance unless it in fact had that character."

It is unnecessary to cite other cases to the same effect.

In North Chicago City Ry. Co. v. Lake View, 105 Ill. 207, cited by appellant's counsel, the town passed an ordinance declaring the use of steam as a motive power in operating the company's railway along one of the public streets of the town to be a nuisance. The Supreme Court held the ordinance valid, but say, " We do not at all question the proposition that under a general grant of power like the one in question, town authorities have no power to pass an ordinance declaring a thing a nuisance which is clearly not one. The adoption of such an ordinance would not be a legitimate exercise of the power granted, but on the contrary would be an abuse of it." There the thing complained of as a nuisance could by no means be said to be clearly not one. On the contrary it is to say the least doubtful whether the running of steam cars along the public streets of a village is not *per se* a nuisance; and the court adds, "But in doubtful cases, where a thing may or may not be a nuisance, depending upon a variety of circumstances, requiring judgment and discretion on the part of town authorities in exercising their legislative functions, their action under such circumstances would be conclusive of the question."

Our conclusion is that so much of the ordinance as declares all public picnics and open air dances, regardless of their character, to be a nuisance, is invalid; and that the court erred in refusing to so instruct the jury. Whether the gathering on July 31st was of such a character as to bring it within the second clause of the ordinance which declares the use of the grounds for the assembling of disorderly persons, etc., to be a nuisance, was a question of fact for the jury, to be decided

according to the evidence, under proper instructions by the court.

For the errors indicated, the judgment below is reversed and the cause remanded for a new trial.

Reversed and remanded.