WILLIAM H. HARMISON AND FRANK SHEETS

v.

CITY OF LEWISTON.

*Nuisance—Slaughter House—City Ordinance—Whether Such Decla-*
*ration Conclusive—Appeal from Justice Court—Waiver of Defective*
*Service.*

1.   Under the statute of this State a declaration in a city ordinance
that a slaughter house shall be deemed and considered a public nuisance,
is conclusive of that fact.
2.   Where a party joins in an appeal taken from the judgment of a
justice court it is immaterial whether he was legally served, or served at
all, to appear before the justice.

[Opinion filed April 11, 1892.]

APPEAL from the Circuit Court of Fulton County; the
Hon. JEFF. ORR, Judge, presiding.

Mr. J. W. BANTZ, for appellants.

Mr. WILLIAM J. DYCKES, for appellee.

MR. JUSTICE BOGGS.   The city of Lewiston adopted an
ordinance which declares that a slaughter house shall be
deemed and considered a public nuisance, and provides that
any one who shall erect or maintain a slaughter house
within the limits of the city shall, upon conviction, be fined
not less than five nor more than fifty dollars.   The appel-
lants, upon trial before a jury in the Circuit Court of Fulton
County, were found guilty of a violation of this ordinance,
and adjudged to pay a fine of five dollars and cost, from
which judgment this appeal is prosecuted.
The only material question presented is whether the
declaration of the city council in the ordinance that a
slaughter house is a public nuisance, is conclusive of that
fact.   The Circuit Court instructed the jury that it was so

conclusive, and that the appellant should be convicted if it was proven that they had kept and maintained such an establishment within the city limits. Counsel for appellants insist that whether a slaughter house is or is not a nuisance is a question of fact depending upon its location, the manner in which the business is conducted, the house kept and cleansed, and many other circumstances; and that a city council has no power to conclusively declare any useful business or establishment a nuisance. The power of the city in this respect must rest upon the construction given to the seventy-fifth paragraph of section sixty-two of chapter twenty-four, Revised Statutes, which provides generally for the incorporation of cities and villages. This paragraph purports to give city councils power " to declare what shall be a nuisance and abate the same, and to impose fines upon parties who may continue, create or suffer nuisance to exist." It can not, however, be said that city councils are invested with power as broad and unconditional as a literal reading of the statute might warrant. A trade, occupation, establishment or thing useful in its character, and which in the common experience and observation of men is not a nuisance in fact, can not be conclusively declared to be a nuisance by the council of a city. There are other things and callings in their nature nuisances, and which the law recognizes as such, and these, it seems, may be interdicted by a city council, and, as to them, the declaration of the council is to be deemed conclusive. A slaughter house falls, we think, within the class recognized by the law as in nature nuisances. Wait on Actions and Defenses, Vol. 4, 751; 2 Kent Com., 340; Watertown v. May, 109 Mass. 315; 16 Amer. and Eng. Ency., page 952; Catlin v. Valentine, 9, page 575; Brady v. Weeks, 3 Barb. (N. Y.) 157.

In the case of Huesing v. The City of Rock Island, 128 Ill. 475, it is said, " no argument is needed to establish the fact that a slaughter house in a city is an unwholesome business or establishment." There are still other trades, establishments and things which are not in their nature nuisances, but which may or may not be so, depending upon many cir-

cumstances and conditions, and it is among them that counsel for appellants insist slaughter houses should be classed. Counsel further insist that as to all such trades or things which may or may not be nuisances, the declaration of a city council is not conclusive; but that whether the particular trade or thing be a nuisance is a question of fact to be determined by evidence, as any other fact. Upon this question this court feels concluded by the clear and unmistakable holding of our Supreme Court in the case of North Chicago Railroad Co. v. Lake, 105 Ill. 207, where it is said : " In doubtful cases, where a thing may or may not be a nuisance depending upon a variety of circumstances requiring judgment and discretion on the part of the town authorities in exercising their legislative functions under a general delegation of power like the one we are considering, their action under such circumstances would be conclusive of the question." The objections sought to be urged in this court against the admission of the ordinance in evidence, were not raised in the Circuit Court and are not of a character that may be first pointed out in this court.

The appellant Sheets joined in the appeal taken from the judgment rendered in the justice's court, and it is therefore wholly immaterial whether he was legally served or served at all with summons to appear before the justice.

The appellants have no cause to complain that the amount of the fine is not as great as the minimum provided by the ordinance. If this is an error it is in appellants' favor. The judgment must be affirmed.

*Judgment affirmed.*