WILLIAM H. HARMISON *et al.*

*v.*

THE CITY OF LEWISTOWN.

*Filed at Springfield October 30, 1894.*

1. NUISANCES—*power of town over, under a general grant.* Under a general power over nuisances, town authorities cannot declare a thing a nuisance which is clearly not one; but if the thing is of such character that it might or might not be a nuisance, depending upon circumstances, the action of such authorities, in the exercise of their legislative functions, will be conclusive.

2. CITIES AND VILLAGES—*power to prohibit slaughter-house, under general act.* A city or village incorporated under the general law has power to prohibit, by ordinance, slaughter-houses within the limits of such city or village.

3. EVIDENCE—*when specific objection should be made.* An objection to the admission of an ordinance in evidence, being of such character that it could be avoided by other proof, must be specific, and not general, in order to be assigned for error in a court of review.

4. ERROR—*in favor of the party complaining of it.* A party cannot complain that the amount of a fine assessed against him is lower than the minimum fixed for the offense.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Fulton county; the Hon. JEFFERSON ORR, Judge, presiding.

Mr. JOHN W. BANTZ, for the appellants :

A man's property cannot be seized except for a violation of law, and whether he has been guilty of such violation cannot be left to a superintendent of streets or city marshal to determine.    *Darst* v. *People*, 51 Ill. 286.

The declaration by the city council that a slaughterhouse is a public nuisance is not sufficient evidence that it is a nuisance, and did not relieve the prosecution from proving that fact.    Dillon on Mun. Corp. (3d ed.) sec. 374; *Yates* v. *Milwaukee*, 10 Wall. 504; *Railroad Co.* v. *Joliet*, 79 Ill. 44; *State* v. *Jersey City*, 5 Dutch. 170; *Lake View* v. *Letz*, 44 Ill. 82; *Dubois* v. *Budlong*, 10 Bosw. 700; *Attorney General* v. *Steward*, 20 N. J. Eq. 415.

It does not matter under what act the city of Lewistown is incorporated,—it does not authorize the city to declare that a nuisance which is not so in fact.    Wood on Nuisances, p. 773, sec. 740; *Chicago* v. *Laflin*, 49 Ill. 172; *Des Plaines* v. *Poyer*, 123 id. 348.

The corporate authorities had no power to pass the ordinance unless the prohibited act amounted to a nuisance in fact.    Dillon on Mun. Corp. secs. 141, 89; *Cook County* v. *McCrea*, 93 Ill. 236; *Sherlock* v. *Winnetka*, 68 id. 530; *Culver* v. *Hatch*, 18 Ohio, 523; *Martel* v. *East St. Louis*, 94 Ill. 6; *People* v. *Village of Crotty*, 93 id. 180; *Schott* v. *People*, 89 id. 195; *Mix* v. *Ross*, 57 id. 121; *Ex parte Burnett*, 30 Ala. 461; *Craig* v. *Burnett*, 32 id. 728; *Hill* v. *Decatur*, 22 Ga. 203; *Yates* v. *Milwaukee*, 10 Wall. 505.

Mr. WILLIAM J. DYCKES, for the appellee :

An appeal recognizes jurisdiction.    *Commissioners* v. *Hoblit*, 19 Ill. App. 259.

Appearance in an attachment suit and going to trial on the merits waive any objection to the service of process.    *Wilson* v. *Roots*, 119 Ill. 384.

Objections to evidence avoidable on trial must be made below, specifically, to avail in Supreme Court.    *Supreme Council* v. *Curd*, 111 Ill. 288; *Railway Co.* v. *Lambert*, 119 id.

257; *Sullivan* v. *People,* 122 id. 386; *Railroad Co.* v. *People,* 120 id. 669; *Bressler* v. *People,* 117 id. 429.

Upon the question as to the power of the city to pass the ordinance referred to in this case, we desire to submit the following :   1 Starr & Curtis' Stat. p. 459, par. 45 ; 3 id. p. 82; *King* v. *Davenport,* 98 Ill. 305 ; *Huesing* v. *Rock Island,* 128 id. 475 ; *Railway Co.* v. *Lake View,* 105 id. 207; *Eagan* v. *Chicago,* 5 Bradw. 75 ; *Cronin* v. *People,* 82 N. Y. 318; *Salem* v. *Railroad Co.* 98 Mass. 431; *Slaughter-house cases,* 16 Wall. 36 ; *Board of Health* v. *Huster,* 37 N. Y. 661; *Roberts* v. *Ogle,* 30 Ill. 459 ; *Callin* v. *Valentine,* 9 Paige, 575 ; *Rex* v. *Neil,* 2 Carr. 485 ; *Rex* v. *White,* 1 Burr. 337; 3 Blackstone's Com. 217; Waterman's Eden on Injunctions, 259, and notes; *People* v. *Cunningham,* 1 Denio, 526 ; *Commonwealth* v. *Upton,* 6 Gray, 476; Wharton on Crim. Law, (3d ed.) 798, 799 ; *Powder Co.* v. *Tearney,* 131 Ill. 329 ; *Seacord* v. *People,* 121 id. 624; Starr & Curtis, p. 815, par. 277.

Mr. JUSTICE BAKER delivered the opinion of the court:

This was a suit brought by the city of Lewistown, incorporated under the general laws of this State, against William H. Harmison and Frank Sheets, to recover a penalty for an alleged violation by them of section 2 of ordinance No. 14 of said city, by keeping and maintaining a slaughter-house within the corporate limits of said city, contrary to the provisions of such ordinance.    The cause was tried before a jury in the Fulton circuit court, and they were found guilty, and adjudged to pay a fine of five dollars and costs.    From that judgment they appealed to the Appellate Court, and from the judgment of affirmance in that court they bring the cause here by this further appeal.

The ordinance in question declares that a slaughterhouse shall be deemed and considered a public nuisance, and provides that any one who shall erect or maintain a slaughter-house within the limits of the city shall, upon conviction, be fined not less than five nor more than fifty

dollars. The principal contention of appellants is, that the city council had no power to enact the ordinance in question.

Paragraph 75 of section 62, chapter 24, of the Revised Statutes of 1874, provides that the city council in cities, and the president and board of trustees in villages, incorporated under that act, shall have power "to declare what shall be a nuisance, and to abate the same, and to impose fines upon parties who may create, continue or suffer nuisances to exist." Paragraph 83 of said section and chapter provides that they shall have power "to prohibit any offensive or unwholesome business or establishment within, or within one mile of the limits of, the corporation," and paragraph 84 provides that they shall have power "to compel the owner of any grocery, cellar, soap or tallow chandlery, tannery, stable, pig-sty, privy, sewer, or other unwholesome or nauseous house or place, to cleanse, abate or remove the same, and to regulate the location thereof."

In *North Chicago City Railway Co.* v. *Lake View*, 105 Ill. 207, which is a case exactly in point here, it was held that while, under a general grant of power over nuisances, town authorities have no power to adopt an ordinance declaring a thing a nuisance which in fact is clearly not one, still, that in doubtful cases, where a thing might or might not be a nuisance, depending upon a variety of circumstances requiring judgment and discretion on the part of the town authorities in exercising their legislative functions, their action, under such circumstances, would be conclusive of the question.

In *Huesing* v. *City of Rock Island et al.* 128 Ill. 465, it was said: "Under paragraphs 83 and 84 of our Incorporation act, heretofore cited, we think power is conferred upon incorporated towns to prohibit slaughter-houses, or any unwholesome business or establishment, within the incorporation; and the common council of the town, by appropriate ordinance, may regulate the location of any

unwholesome business, and may cleanse, abate or remove the same."

By virtue of the statute above quoted, and in the light of the interpretation placed upon it by these decisions, we think power was conferred upon appellee to adopt the ordinance in question.

Appellants can not here assign for error the admission, over their objection, of said ordinance in evidence, for the objection was one that could have been avoided by other testimony, and appellants, in order to have the question of the admissibility of the ordinance considered here, should have entered a specific, instead of a general, objection to its admission.   *Sullivan* v. *People*, 122 Ill. 385.

It is unnecessary to discuss the question whether or not the appellant Sheets was properly served with summons to appear in the justice court where the cause was originally tried, for, having joined in the appeal taken from the judgment there rendered to the circuit court, he thereby waived any objection to the service of the summons to appear before the justice.   *Wilson* v. *Roots*, 119 Ill. 379.

Appellants cannot complain that the amount of the fine assessed against them is less than the minimum provided for by the ordinance.   The error, if such it were, is in their favor.

Under the views herein expressed sustaining the validity of the ordinance, it would be mere repetition to discuss the instructions given and refused by the trial court. Suffice it to say, that we find no substantial error in the record, and the judgment of the Appellate Court is accordingly affirmed.

*Judgment affirmed.*