## William Grabbs v. City of Danville.

1. ORDINANCES—*Lawful Discriminations.*—An ordinance regulating the sale of intoxicating liquors is not void because it discriminates against malted and in favor of spirituous and vinous intoxicants.

Grabbs v. City of Danville.

**Debt.**—For violation of an ordinance.   Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding.   Heard in this court at the May term, 1895.   Affirmed.   Opinion filed December 6, 1895.

## STATEMENT OF THE CASE.

The appellant was convicted of and fined for the violation of an ordinance of the appellee city, which is as follows :

7. An Ordinance Licensing Brewers and Beer Agents. —Be it ordained by the city council of the city of Danville.   Sec. 1.   That no brewer, beer agent, or any person or persons, firm, association or corporation, shall sell, offer, barter, exchange, deliver, or offer so to do, any malted intoxicating liquors in quantities of one gallon or more at a time, within the corporate limits of said city, without having obtained from said city a license therefor, under a penalty of not less than twenty dollars for each offense; *provided*, that any person, firm, association or corporation having a dram shop license from the city shall not be required to pay under this ordinance.

Sec. 2.   The rate of such license shall be fifty dollars for three months, payable in advance, and before such license is granted the applicant shall execute a bond in the penal sum of three thousand dollars, payable to the People of the State of Illinois, and also a bond to the city of Danville in the sum of one thousand dollars, each bond with at least two good and sufficient sureties, freeholders in Vermilion county, Illinois, approved by the mayor and city council; the former being conditioned that such license shall pay to any and all persons any damages that they may sustain, either in person or property, or means of support, by reason of the selling or giving away of such intoxicating liquor by such licensee, and the latter to be conditioned that such licensee shall observe and obey all laws of this State and all ordinances of this city, with reference to selling, giving away and delivering of such intoxicating liquor in quantities of one gallon and more.

Sec. 3.   Application to be made in same manner and to be issued like licenses for dram shops."

The case against the appellant was submitted to the court on agreed statement of facts as follows :

·That defendant was, September 1, 1894, a beer agent, selling in quantities of one gallon and more, malted, intoxicating liquors within said city; that there then was and had been in force, for more than ten days prior thereto, an ordinance, a copy of which is hereto attached and made a part of this statement.

That defendant had not a license to sell said liquor, as provided by said ordinance, and was then and there selling the same contrary to the provisions of said ordinance.

It is agreed that if said ordinance is valid defendant is guilty; otherwise, not guilty.

Further agreed that at and since the time of the passage of said ordinance persons have been selling vinous and spirituous liquors in quantities of one gallon or more, at wholesale in said city, and that there is not an ordinance of said city providing for license for selling the same as aforesaid.

Thereupon the court, after hearing the arguments of counsel, finds that said ordinance is valid, that defendant is guilty of its violation, and that he be adjudged to pay a fine of $20 and costs of suit, for which execution shall issue, to which finding and judgment defendant then and there duly excepted.

LAWRENCE & LAWRENCE, attorneys for appellant.

G. F. REARICK, city attorney, for appellee.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

Under the operation of the ordinance of the city vinous and spirituous intoxicating liquors may be sold in quantities of one gallon and more without restraint of any character, but sales of malted intoxicating liquor in like quantity is prohibited, except upon the exaction of a license fee and the execution of bonds, etc.

Therefore, it is argued, the ordinance involved here un-

lawfully discriminates against malted and in favor of spirituous and vinous intoxicants.

We think the discrimination is not necessarily unlawful.

It is in virtue of the police power of the State, delegated to the city, that such ordinances are passed and upheld.

The police power is authority and right to enact statutes and ordinances necessary, in the view of the law-making body of the State or a city, to preserve the public order and tranquillity, and promote the public health, safety and morals.

The traffic in and use made of one intoxicant may be more pernicious and harmful to the public peace and health or morals than another.

Hence the power may be rightfully exercised by ordinance against the one and not against the other.

Whether one intoxicant is the more pernicious, and its use ought for that reason be subjected to greater restraint, is a question depending upon a variety of circumstances requiring the exercise of judgment and discretion on the part of the city council in the discharge of their legislative functions under the delegation of power to license, prohibit or regulate sales of such liquors in the city.

Their action is conclusive of the question. See North Chicago R. R. Co. v. Lake, 105 Ill. 207.

We think the ordinance valid. The judgment is affirmed.