## J. E. Laugel v. The City of Bushnell.

1. NUISANCES—*Power of Cities and Villages to Declare What Are.*—
City and village authorities, under the general grant of power over
nuisances, have no power to adopt an ordinance declaring a thing to be
a nuisance which is in fact not clearly so; but in doubtful cases, where
a thing may or may not be a nuisance, depending upon a variety of cir-
cumstances requiring the judgment and discretion on the part of such
authorities in the exercise of their legislative functions, their action is
conclusive of the question.

2. SAME—*Hop Ale Containing Alcohol.*—The keeping for sale of hop
ale, which contains some alcohol, and when drunk as a beverage some-
times produces intoxication, may or may not be a nuisance, and under
the power conferred by the statute (R. S., Chap. 24, Art. V, Sec. 1,
Hurd's Ed. 1899, p. 277), city and village authorities may lawfully adopt
ordinances declaring that places where such ale is kept for sale are
nuisances.

3. EVIDENCE—*To Show that Hop Ale is Intoxicating, Admissible.*—
In an action for the violation of an ordinance declaring the keeping of
hop ale for sale a nuisance, evidence to the effect that such ale when
drunk as a beverage will intoxicate some persons, is admissible for the
purpose of enabling the court to understand whether selling it, is or is
not a nuisance, and to properly determine whether city and village
authorities have the power to adopt ordinances declaring it to be such.

Action for the Violation of an Ordinance.—Appeal from the Circuit
Court of McDonough County; the Hon. JOHN W. GRAY, Judge, presid-
ing. Heard in this court at the May term, 1901. Affirmed. Opinion
filed September 11, 1901.

Laugel v. City of Bushnell.

TRUMAN PLANTZ, APOLLOS W. O'HARRA and DAVID CHAM-
BERS, attorneys for appellant.

T. J. SPARKS and W. M. CROSTHWAIT, attorneys for ap-
pellee.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion
of the court.

This was a suit brought by the City of Bushnell, incor-
porated under the general laws of this State, against J. E.
Laugel, to recover a penalty for an alleged violation by him
of an ordinance of said city, by keeping for sale, selling and
giving away hop ale at his place of business within the cor-
porate limits of said city, contrary to the provisions of such
ordinance.

The case was first tried before a justice of the peace of
McDonough county, and Mr. Laugel was found guilty and
adjudged to pay a fine, but he took the case to the Circuit
Court by appeal, where it was, by consent, tried by the
court, and he was again found guilty and adjudged to pay
a fine of $10 and costs. From that judgment he has ap-
pealed to this court, and insists upon the reversal thereof,
principally upon the ground that the ordinance under which
he was convicted, is void for want of power in the city to
declare the keeping, selling, or giving away of hop ale within
its corporate limits, a nuisance, and imposing a fine there-
for.

The ordinance in question is as follows:

"Section 1. That any place in said city of Bushnell,
where hop ale, hop mead, malt mead, cider, or other like
drinks are kept for sale, are sold or given away, either
directly or indirectly, in any quantity whatever, is hereby
declared to be a nuisance, and the owner, keeper, lessee or
occupant of the premises, who shall neglect or refuse to
abate such nuisance after being notified so to do by the city
marshal of said city, shall on conviction thereof, forfeit and
pay to said city a sum not less than ten dollars nor more
than one hundred dollars for each and every day he shall
refuse or neglect to remove or abate the same."

This ordinance was passed and approved April 25, 1900,

and on April 27, 1900, was published in the "Bushnell Record," as provided by law. On May 8, 1900, the city marshal of Bushnell notified appellant, in writing, not to keep for sale or sell within the corporate limits of said city, hop ale, hop mead, malt mead, cider, or other like drinks, after the expiration of twenty-four hours from that date, and on May 22, 1900, this suit was begun.

Upon the trial of this case in the Circuit Court, counsel for appellant admitted "sales of hop ale by the defendant, J. E. Laugel, in the city of Bushnell, McDonough county, Illinois, after the passage and due publication of the ordinance heretofore introduced in evidence;" but objected to the ordinance being admitted in evidence upon the special ground "that the city council had no power to pass it," and took an exception when the court admitted it.

Over the objection of appellant, the court permitted appellee to show that hop ale like that in question, had intoxicated several persons upon their drinking a bottle or more of it at a time, and appellant took an exception.

Appellant showed that by chemical analysis, hop ale contains one and three-fourths per cent of alcohol, and that it did not make any of several persons intoxicated who drank a bottle or more of it at a time.

The principal contention of appellant is, that the city council had no power to enact the ordinance in question.

Item seventy-five, paragraph 63 of chapter 24 of the general act for incorporation of cities and villages in this State, provides that the city council in cities, and the president and board of trustees in villages incorporated thereunder, shall have power "to declare what shall be a nuisance, and to abate the same, and to impose fines upon parties who may create, continue, or suffer nuisances to exist," and in interpreting the extent to which the power thus conferred might be exercised, in North Chicago City Ry. Co. v. Lake View, 105 Ill. 207, Mr. Justice Mulkey remarked:

"We do not at all question the general proposition, which has been argued with so much elaboration by the

appellant's counsel, that under a general grant of power over nuisances, like the one in question, town authorities have no power to pass an ordinance declaring a thing a nuisance which in fact is clearly not one.   The adoption of such an ordinance would not be a legitimate exercise of the power granted, but on the contrary, would be an abuse of it.

" But in doubtful cases, where a thing may or may not be a nuisance, depending upon a variety of circumstances requiring judgment and discretion on the part of the town authorities in exercising their legislative functions under a general delegation of power like the one we are considering, their action, under such circumstances, would be conclusive of the question."

And in Harmison v. City of Lewistown, 46 Ill. App. 164, it was insisted by counsel for appellant that whether a slaughter house is or is not a nuisance is a question of fact, depending upon its location, and manner in which the business is conducted, the house kept and cleansed, and many other circumstances; and that a city council has no power to conclusively declare any useful business or establishment a nuisance; and that as to all such trades or things which may or may not be nuisances, the declaration of a city council is not conclusive, but whether the particular trade or thing be a nuisance is a matter of fact to be determined by evidence, as any other fact; to which the court, speaking through Justice Boggs, replied, that "upon this question, this court feels concluded by the clear and unmistakable holding of our Supreme Court in the case of North Chicago City Ry. Co. v. Lake View," *supra*.

The Harmison case went to the Supreme Court, is reported in 153 Ill. 207, and in deciding it, that court, by Mr. Justice Baker, said :

" In North Chicago City Ry. Co. v. Lake View, 105 Ill. 207, which is a case exactly in point here, it was held that while, under a general grant of power over nuisances, town authorities have no power to adopt an ordinance declaring a thing a nuisance which in fact is clearly not one, still, in doubtful cases, where a thing might or might not be a nuisance, depending upon a variety of circumstances requiring judgment and discretion on the part of

the town authorities in exercising their legislative functions, their actions, under such circumstances, would be conclusive of the question."

As hop ale contains some alcohol, and when drunk as a beverage, sometimes produces intoxication, we think the keeping for sale and selling of it, might or might not be a nuisance, and therefore, under the power conferred by the statute from which we have above quoted, and in the light of the interpretation placed upon it by our courts as shown by their decision above indicated, we think the city council of appellee possessed the power to adopt the ordinance in question, and that the trial court therefore properly admitted it in evidence and held it valid.

Counsel for appellant further contend that the evidence fails to show that appellant sold hop ale after the ordinance went into effect, but the admission of his counsel upon the trial above quoted, precludes him from making that contention and supports the finding of the trial court in that regard.

And finally it is contended that the court improperly admitted in evidence the testimony to the effect that when drunk as a beverage, hop ale would intoxicate some persons; but we are of opinion that this testimony was properly admitted to enable the court to understand whether selling it might or might not be a nuisance, and to properly determine whether the city had the power to adopt the ordinance declaring it to be such, and imposing a penalty to prevent it.

Finding no errors appear in this record as contended by appellant, the judgment of the Circuit Court will be affirmed.