**City of Streator, Plaintiff-Appellee, v. Davenport Packing Company, and La Salle County Packing Company, Defendants-Appellants.**

**Gen. No. 10,594.**

Opinion filed July 3, 1952.

Released for publication July 28, 1952.

BYRON E. HAYES, of Streator, for appellants.

BERRY & O'CONOR, of Streator, for appellee.

MR. PRESIDING JUSTICE DOVE delivered the opinion of the court.

This cause originated by a complaint being filed in a justice of the peace court by the City Attorney of Streator, Illinois, which alleged the violation by the defendants on April 9, 1951, of an ordinance of the City of Streator.

Upon appeal the cause was tried in the county court of La Salle county, by the court without a jury, resulting in a judgment finding the defendants guilty and imposing a fine of $100 and costs. To reverse that judgment the defendants appeal.

The ordinance which forms the basis of this suit was duly passed by the City of Streator on January 2, 1951, and section one thereof declares: "The conducting of a business of the slaughter of animals or a stock yards is hereby declared to be a nuisance and is prohibited within the City Limits of the City of Streator, Illinois." Section two of the same ordinance provides: "Any person who violates this ordinance shall be fined not less than $10.00 or more than $100.00 for each offense and each day of operation shall be considered as a separate offense."

Upon the hearing the parties stipulated that on April 9, 1951, the defendants conducted the business of the slaughter of animals at their premises located at 804 East James Street within the city limits of the City of Streator; that these premises consist of about 37 acres of land, about one-third of which is improved with a large industrial brick building about 436 feet in length, 206 feet in width, and 50 feet high; that the building is equipped for the slaughter of animals and storage thereof and consists of modern appliances customarily used in said business; that defendants employed about 55 persons in said business that day; that the slaughter of animals is conducted wholly within the building on said premises under regular Federal Government inspection, supervision, and regulations; that prior to January 2, 1951, the date of the passage of the ordinance, these premises were owned and used by the Streator Meat Packing Company, a corporation; that on or prior to February 28, 1950, the Streator Meat Packing Company ceased to use said premises and was declared a bankrupt. It was further

stipulated that on March 19, 1951, the property was conveyed by the trustee in bankruptcy of Streator Meat Packing Company to Rudolph Lipkowitz for $97,000 and that prior to the commencement of this suit, Lipkowitz, an officer of both of the defendants in this proceeding, conveyed the property to La Salle County Packing Company, one of the defendants herein.

Counsel for appellants contend that the business of slaughtering animals in the type of building in which this business is conducted with modern appliances and supervised by federal inspectors is not a nuisance and, therefore, to otherwise declare by ordinance is an unreasonable, unjust, and oppressive exercise of the city's power. Counsel concede that in *Harmison v. City of Lewistown,* 153 Ill. 313, our Supreme Court held that a city has the statutory power to prohibit, by ordinance, slaughterhouses within the limits of such city, but counsel insist that this court should not be bound by that ruling because that case was decided in 1894 and the business at that time was far different than it is now. Counsel argue that it is a matter of common knowledge that the business of slaughtering animals at that time was an unwholesome and offensive business and that this court should take judicial notice that the same business as now being conducted by appellants in an industrial brick building, under federal supervision, and with modern appliances and equipment, as disclosed by this stipulation, cannot be held to be a nuisance and that the Legislature, in granting cities the power to prohibit and abate nuisances, certainly did not contemplate barring a useful business, modernly conducted and operated.

The Legislature has expressly granted the corporate authorities of a municipality the power to define, prevent, and abate nuisances (Ill. Rev. Stat. 1951, chap. 24, par. 23–61 [Jones Ill. Stats. Ann. 21.1692]) and to pro-

hibit any offensive or unwholesome business or establishment within the municipality (Ill. Rev. Stat., chap. 24, par. 23–89) [Jones Ill. Stats. Ann. 21.1719]. In *North Chicago City Ry. Co. v. Lake View,* 105 Ill. 207, it was held that while, under this grant, municipal authorities have no power to adopt an ordinance declaring a thing a nuisance which in fact is clearly not one, still, in doubtful cases, where a thing might or might not be a nuisance, depending upon a variety of circumstances requiring judgment and discretion on the part of the municipal authorities in exercising their legislative functions, their action, under such circumstances, would be conclusive of the question.

*Harmison v. City of Lewistown,* 153 Ill. 313, was an action brought by the City of Lewistown to recover a penalty for an alleged violation of an ordinance of that city which declared that a slaughterhouse within the limits of the city should be deemed and considered a public nuisance and provided for a fine upon the conviction of any person violating the provisions of said ordinance. It was there contended that the City Council had no power to enact the ordinance. After referring to the several statutory provisions and citing *North Chicago City Ry. Co. v. Lake View,* 105 Ill. 207, and *Huesing v. City of Rock Island,* 128 Ill. 465, the court said that by virtue of the statute and in the light of the interpretation placed thereon by the foregoing decisions, power was conferred upon the city to adopt the questioned ordinance and sustained the judgment of the trial court finding the defendant guilty. This case holds that an ordinance of a city declaring a slaughterhouse to be a nuisance is a valid exercise of an expressed power conferred upon a municipality by the Legislature. *Huesing v. City of Rock Island,* 128 Ill. 465, and *City of Bushnell v. Chicago, B. & Q. R. Co.,* 259 Ill. 391, each expressly recognize the authority of

a city to prohibit a slaughterhouse within a municipality and to declare it to be a nuisance.

■■ Under the authorities, the ordinance adopted by the municipal authorities of the City of Streator is a valid ordinance. Appellants admit its violation. At the time the ordinance was passed, appellants had not acquired the property and for some time prior to the passage of the ordinance the property had not been used as a slaughterhouse. The fact that the business in which appellants are engaged upon these premises is under federal regulation, whatever these regulations may be, so far as this record shows, cannot effect the validity of this ordinance. The argument of appellants advanced in this court could be more appropriately addressed to the municipal authorities of the City of Streator or the legislative branch of our state government. The judgment appealed from is sustained by the authorities and by the admitted facts and that judgment is affirmed.

*Judgment affirmed.*