WILLARD, APPELLANT, v. MELLOR ET AL., APPELLEES.

1. EVIDENCE.

It is not error to sustain an objection to a question relating to what is shown by figures contained in written statements which had been admitted in evidence.

2. APPELLATE PRACTICE—IMMATERIAL ERROR.

When it appears that the error complained of was not prejudical it will not be considered.

3. LIBEL.

The use of the word "rubbish," in private correspondence between the parties, as descriptive of a particular kind of wool consigned by one to the other, is not actionable.

4. BURDEN OF PROOF.

The burden of proof is upon the defendant who sets up a guaranty as a special defense to the action.

5. INTEREST.

It appearing that a sum of money had been advanced by one party to the other in the ordinary course of business, that the parties understood that some interest was to be paid, and that seven per cent per annum was the usual rate in such cases, interest is recoverable at that rate, in the absence of an agreement to the contrary.

6. DISCRETION—PRACTICE.

It is entirely within the discretion of the trial court to permit or refuse the taking of the deposition of a witness during the progress of a trial.

7. EVIDENCE—PRICES CURRENT.

In the absence of better available evidence the prices published in a commercial journal are admissible in evidence as prices current, under certain circumstances, but where such evidence is admissible the sources of information, or the mode in which such prices are ascertained, must be first shown to render it competent.

*Appeal from the District Court of Arapahoe County.*

ACTION by appellees as plaintiffs, to recover money advanced to appellant upon certain consignments of wool. Verdict and judgment for plaintiffs. Defendant appeals.

Mr. J. WARNER MILLS, for appellant.

Mr. H. W. HOBSON, for appellees.

CHIEF JUSTICE HAYT delivered the opinion of the court.

It is alleged in the complaint that plaintiffs secured from the defendant, for the purpose of sale and commission, his wool crop for the year 1877, and advanced thereon the sum of $7,000; that subsequently they sold such wool at the highest and best price obtainable in the market, and that after deducting the amount advanced for freight, drayage, insurance charges and a brokerage commission in accordance with the usages of the trade, it was found that plaintiffs had advanced the defendant the sum of $468.13, in excess of the amount received upon the sale of the wool, for which excess they prayed judgment.

The defendant filed a general denial and also pleaded two counterclaims. In the first of these counterclaims the defendant alleges that he made the contract for the consignment of the wool mentioned in the complaint with one Jacob H. Wood, who was then and there the agent of the plaintiffs; that said Wood, acting for and on behalf of the plaintiffs, guaranteed that the wool would bring not less than eighteen cents per pound in the city of Philadelphia. Defendant further alleges that, if said wool was sold for a less price than eighteen cents per pound, it was sold less than the market price for the purpose of defrauding the plaintiffs out of the just value of said wool. It is further alleged that the sum of $7,000 advanced to the defendant was a payment to him upon said wool and not a loan, and neither the sum nor any portion thereof was to be refunded to the plaintiffs, and that defendant is not properly chargeable with any interest upon said payment. It is also alleged that said wool was in fact sold for a higher price than that stated by plaintiffs, and that there was a balance still due the defendant from the sale of the wool.

The second counterclaim is in the nature of an action for libel, it being alleged that on the 14th day of February, 1888, the plaintiffs wrote and published a certain statement of account in the city of Denver, Arapahoe county, Colorado,

this being near the place of residence of the defendant; that in this writing referring to certain wool delivered to plaintiffs by defendant in the city of Philadelphia and state of Pennsylvania, it was stated that of the wool so delivered the plaintiffs there were 561 pounds of rubbish; that said statement was false and that by its publication defendant was damaged in the sum of $5,000.

All the new matter set up in the answer is denied in the replication, except that which is contained in the count with reference to libel, and as to this no further pleading was filed. Afterwards, the defendant in the main action and plaintiffs in the cross complaint took default upon the cause of action relating to libel, but upon the trial the court refused to allow any evidence of damage; thereby, in effect, holding that this count did not state facts sufficient to constitute a cause of action against the plaintiffs.

Nearly all the evidence introduced upon the trial was in the form of depositions. The defendant Willard, however, testified orally before the court. The first assignment of error relied upon brings up for review the ruling of the district court sustaining an objection to a question propounded to the defendant by his counsel. An examination of the record discloses that the question objected to was as follows:—" Q. Have you ever examined these *figures* to see how much their return was to you on the wool?" "A. Yes, sir." "Q. Do you know how much it is?" To the latter question an objection was sustained and exception taken. There was no error in this ruling of the court. The question related to certain figures contained in written statements which were in evidence before the jury. The amount of the return made by the consignees to the consignor was given in these statements and was not a matter in dispute upon the trial. Moreover, the defendant was allowed to explain by expert evidence every desired fact with reference to such figures. These were purely matters of mathematical calculation and also undisputed. Thus the defendant was allow-

ed the full benefit of the evidence, and if the original ruling had been erroneous the error was not prejudicial.

Another assignment of error is based upon the refusal of the court to permit the defendant to answer the following question :—" Q. Was it pursuant to this conversation and negotiation with Mr. Wood that you finally shipped the wool ? " This question was leading in form and for this reason objectionable, but although the objection to this particular question was sustained, the witness was immediately allowed to testify fully with reference to the matter, in answer to other questions.

The court did not err in refusing to allow evidence of damages upon the alleged libel. The matter claimed as libelous was the use of the word "rubbish" as descriptive of a particular kind of wool, this word having been used in private correspondence between the parties. It was not actionable and not a proper subject of counterclaim.

The next error relied upon has reference to the instruction of the court in regard to the burden of proof upon the alleged guaranty. The jury were told that the burden of proof was upon the defendant to show by a fair preponderance of the evidence that Wood, as agent of the plaintiffs, had authority to guarantee the defendant the receipt of eighteen cents per pound net for the wool consigned to plaintiffs, or that plaintiffs afterwards ratified his act. Under the evidence in this case there was no error in this instruction. Wood was not authorized to buy for the plaintiffs, and although it was admitted at the trial that he had general authority to solicit consignments of wool, his authority to guarantee prices was denied. It being out of the usual course of business for an agent soliciting consignments of wool for eastern houses to guarantee prices, it devolved upon the defendant to show the authority of Wood to do so in this particular instance, by a preponderance of evidence. The guaranty was pleaded as a special defense in this action, and the burden was upon appellant to establish the same, and the instruction was free from error.

Another assignment of error has reference to the allowance of interest. Both parties having testified that it was understood between them that some interest was to be paid, and it appearing that seven per cent per annum was the usual rate in such cases, the court properly instructed the jury that in case they found from the evidence that the $7,000 sent to defendant by plaintiffs was an advancement made in the ordinary course of business, that interest at this rate should be allowed upon the entire sum advanced, unless there was an agreement to the contrary.

The fifth assignment of error relied upon has reference to the weight of evidence. There being a conflict between the witnesses introduced by the plaintiffs and those testifying on behalf of the defendant, it was the peculiar province of the jury to determine which were entitled to the greater credit, and to give credit accordingly. They having decided in favor of the plaintiffs, the result cannot be disturbed in this court.

The next assignment of error has reference to the refusal of the court to permit the taking of the deposition of the wife of the defendant during the progress of the trial. The only reason assigned for taking such deposition was the oral statement of counsel that Mrs. Willard was confined at home by the sickness of her children. It was not even attempted to support this statement by affidavit, and if there had been it was a matter entirely within the discretion of the court.

The last assignment of error argued is based upon the rejection of certain papers called by counsel " Prices Current." These were circulars sent out by various wool buying concerns from day to day, purporting to give the market price of wool upon the day of their issuance. Their authenticity was in no way established and they were properly excluded, the court intimating in making this ruling that such circulars, if issued by plaintiffs, would be admissible.

In the absence of better available evidence the prices published in a commercial journal are admissible in evidence as prices current, under certain circumstances. But where such

evidence is admissible the sources of information, or the mode in which such prices are ascertained, must be first shown, to render the evidence competent.   This was not attempted in this case, and the circulars were properly rejected for this reason.   Moreover, the offer covered only the price lists of other merchants, and these were competent evidence as such of the market value only against the persons issuing the same.

The judgment will be affirmed.

*Affirmed.*