No. 9612.

## MONTEZ v. GEORGE.

1. PRINCIPAL AND AGENT—*Agent's Authority.* The landlord "gave the tenant to understand" that he was represented by his son Eusebio, or that the son "did business for him." *Held* too vague to determine the authority of the son.

The direction of the landlord to the tenant "when I am not here pay Eusebio," confers no authority upon the latter to eject the tenant.

In spite of the evidence of the alleged ejectment the landlord was held entitled to a directed verdict for the rent to the end of the term.

2. ——*General Agent,* may not go outside of the usual course of the business in his charge.

*Error to Huerfano District Court, Hon. A. F. Hollenbeck, Judge.*

*Department Two.*

Mr. CHARLES HAYDEN, for plaintiff in error.

Mr. ROMILLY FOOTE, for defendant in error.

Mr. Justice Denison delivered the opinion of the court.

THE plaintiff brought suit for rent. Verdict and judgment for defendant.

Plaintiff, Montez, executed a lease to defendant, George, of a store and hotel in Walsenburg for three years from June 15, 1915, at $100 per month, payable monthly in advance on the 15th of each month. The day of payment was afterwards changed by oral agreement to the first of each month. Defendant paid to June 30, 1917, when he quit. August 13, 1917, plaintiff brought suit for balance of rent, $1,150, alleging that defendant had abandoned the premises, refused to pay more rent and had declared his intention to abandon and to pay no more. These allegations were denied.

The defendant pleaded five separate defenses. The second defense was that July 8th or 10th, 1917, plaintiff forcibly evicted defendant. The replication denied all the defenses. After the evidence was all in the court withdrew from the jury all the defenses but the second. No cross error is assigned, and, if it were, we think the ruling was correct.

The evidence of the eviction consisted only of testimony that about July 8th, 1917, one Eusebio Montez, adopted son of plaintiff, took possession of the demised premises and excluded the defendant who went there and attempted to enter. Defendant also testified that plaintiff "gave me to understand that when he was not present Eusebio represented him in his business or Eusebio done business for him," and "he told me on one occasion, when I am not here you can pay Eusebio."

The foregoing is the only evidence of Eusebio's authority, and it manifestly discloses no authority in him to evict the plaintiff's tenants or to abrogate a lease. The words "when I am not here you can pay Eusebio" confer no authority except to receive money. The words "that when he was not present Eusebio represented him in his business or Eusebio done business for him" are too vague to determine Eusebio's authority. Being stated in the alternative they amount to no more than a statement that Eusebio sometimes did business for the plaintiff.

Since no special authority to evict is shown and since we do not know where plaintiff was at the time of the supposed eviction because there was no competent evidence of the whereabouts of plaintiff at the time of the alleged eviction, we must assume, in order to impute the necessary authority to sustain defendant's case, that these words imputed to Eusebio power to evict plaintiff's tenant whenever plaintiff was out of sight and hearing. They are not sufficient to do it. Even a general agent may not go outside of the usual course of the business in his charge. *Willard v. Mellor,* 19 Colo. 534, 537, 36 Pac. 148.

The plaintiff moved for a directed verdict for $1,150. We think that for the reasons above stated the motion should have been granted. There were numerous other errors but what has been said makes it unnecessary to notice them.

The case will be reversed with directions to enter judgment for the plaintiff for eleven hundred and fifty dollars.

Garrigues, C. J. and Scott, J. concur.