Bissell, J.,
delivered the opinion of the court.
This controversy grows out of negotiations which were begun and finally concluded between Knowles, the appellant, and Theodore W. Herr, with reference to the exchange of property between those parties who were the respective owners. The appellee, Harvey, was a real estate agent in the city of Denver and in some way got into communication with Knowles and learned that he was anxious to trade his property which was in the country, for city property. When these parties first discussed the matter Knowles made a proposition with reference to the trade which he desired to make and stated to Harvey the terms on which he was willing to trade. Harvey took the proposition and went to Herr with *10 it, and sought to bring about a trade between Herr and Knowles for Herr’s block on Champa street. The latter property was subject to incumbrances, and of course the trade’ embraced a great many details which it is totally unimportant to state. The trade was finally consummated between the parties on terms which were satisfactory to the respective owners, but when Harvey applied to Knowles for the payment of his commissions, Knowles declined to pay him, assigning as the reason, that the trade was not brought about by his efforts but was in reality accomplished by another broker by the name of Little. The chief controversy in the case was over the question whether Harvey was the procuring cause of the exchange and whether he brought the parties together, who thereupon entered into negotiations and finally reached an agreement satisfactory to both. The record is very voluminous and the dispute between the parties very sharply defined. One of the principal contentions on this appeal is that there is no evidence in the record which warranted the submission of the vital question to the jury. We do not feel compelled or inclined to discuss this question for it is a question of fact on which there was evidence sustaining the broker’s position, as well as evidence which tended to support the appellant’s theory that Harvey was not the broker who brought the parties together, but that the trade was effected by the exertions of the other agent, Little, in whose office and by whose immediate procurement the contract was executed and the trade accomplished. Since this was simply a question of fact and the matter was submitted to the jury under instructions touching this question, and the verdict was against the appellant, we shall accept that finding as entirely conclusive. We therefore assume for the purposes of this decision that Harvey was a broker, that he did bring the parties together, and that he was a procuring cause which led to the completion of the trade.
When we have once reached this conclusion there is very little difficulty in the case. Much complaint is made in the briefs and it was very strongly insisted in the argument that *11 the court incorrectly stated the law and refused to give instructions to which the appellant was entitled. It would he neither profitable nor advantageous to litigants or to the profession to set out in detail or consider specifically the instructions as they were requested and those that were given. Some which were asked might without danger of error have been put to the jury, but the general principles which they contain were fully covered by what the court gave and the jury were accurately instructed on all the various issues involved. Others were in the main accurate, but they contained matters which would have rendered them incorrect as propositions of law and the court rightfully rejected them. It is very seldom true that when property is put in the hands of a broker for the purpose of making an exchange, the trade must be concluded on the exact terms embodied in the original proposition. It is sufficient'if the party desiring to trade his property for another solicits the services of a broker who finds a person willing and able to make the exchange and brings the parties together who thereupon enter into negotiations which they ultimately conclude though on terms somewhat varying from those expressed in the original proposition. The broker thereby earns his compensation and may compel the owner who has employed him to pay him for his labors.
The assignments of error are numerous, but all relate practically to the one general proposition which as we conclude is fully covered by this statement. The whole subject has been often investigated and the law applicable to such controversies is tolerably well settled. The subject was considered in Anderson v. Smythe, 1 Colo. Ct. of App. 253, and according to the law therein stated the plaintiff was entitled to recover if the jury found with him on the principal question. The jury were told that unless they found Harvey was the procuring cause of the trade, was authorized to act and brought the parties together, he could not recover. They were likewise told that the trade must have been concluded on substantially the basis on which the broker was authorized *12 to act when he was employed by the owner. The evidence justifies the verdict of the jury that Harvey was the procuring cause; that he brought the parties together and introduced them, and that as the result of Ms negotiations the trade was effected substantially on the lines contained in the original proposition which Harvey took from Knowles to Herr. If all these things are true, the broker earned his compensation and cannot be defeated because of any minor alteration M the terms. We are entirely satisfied with the verdict of the jury, and are unable to discover any reason which would permit us to disturb it.
Some errors are laid on the admission of testimony with reference to the custom of brokers and the competency of the witnesses who were called to that point. So far as we are able to see the witnesses showed themselves to be entirely competent and to possess the requisite information which would permit them to testify. The evidence which they gave was legitimate and though the jury does not seem to have been very largely controlled by this evidence its admission did not constitute error.
The preceding discussion in reality determines the pivotal questions on which the case turns, and which in our judgment disclose the equitable character of the judgment. When the jury found that the property was placed in Harvey’s hands as a broker for sale, and further found that he was the procuring cause of the trade which was ultimately made, that settled every question necessary to support the judgment, and we are not at liberty to overturn it unless some manifest error has been committed which we can clearly see entitles the appellant to a new trial. The errors assigned are numerous, but there are only two matters unreferred to on which the opinion as originally prepared was attacked, and on which a rehearing was permitted. Frankly, they occasioned us some difficulty, and we have given them very great consideration, but our conclusion is as it was at first, that they are not matters which should be permitted to disturb an otherwise just judgment, and we shall dispose of *13 them adversely to the contentions of the appellant. During the progress of the trial, Harvey was inquired of by counsel whether he made any memorandum of the property at the time it was put in his hands to trade or sell. To this inquiry, he responded in the affirmative, and produced a little memorandum book, which contained nothing but an indistinct and unsatisfactory description of the property which Knowles had and desired to trade. Subsequently, the book itself was offered in evidence. The matter was objected to, but not in the form to call the court’s attention to the specific ground of objection, otherwise than as to one objection, which in general terms was that the book was not evidence of anything. When the book was again offered, and an objection again interposed, the objection was of even a more general character, and in no manner called the court’s attention to the point on which the objection was based. We are quite ready to concede that under certain circumstances and conditions, a general objection may be sufficient to save the question, and we are quite able to agree with counsel, and the doctrine has been sustained in this and the supreme court, that where it cannot be clearly seen that the evidence admitted could not prejudice the party against Avhom it was offered, the judgment resting on it, must of necessity be reversed. While we concede this, we do not believe the principle applicable to the present controversy. It may be that we are a little astute to find reasons to support this judgment,, and to overcome the objection, but if we are, it is on the basis that as we read the record, exact justice has been done between the parties by the verdict of the jury. Under these circumstances, the statute does not permit us, and in fact inhibits us from, reversing the judgment unless we are clearly of the opinion that the error did prejudice the parties. To this conclusion we have not come. We arrive at this determination for this reason; there were but two questions litigated in the case, one about the employment of ■Harvey as a broker, and the other, that it was through his efforts that the property was traded and disposed of. When *14 those matters were settled adversely to the appellant’s contention, Harvey was entitled to recover whatever he might he able to establish as the value of his services. The memorandum which was offered, tended neither to support the one proposition nor the other, nor are we able to see in what way it could have influenced the verdict of the jury, nor that any weight whatever could have been given to it, and consequently we cannot see that the admission constituted prejudicial error, which under our statute and the authorities we must discover in order to reverse the judgment.
There are no errors apparent in the record and since the judgment of the court below is right, it will he affirmed.

Affirmed.