[No. 8245.]

## KIMMINS V. CITY OF MONTROSE.

1. INSTRUCTIONS—*Repetition.* The trial court is not required to give an instruction which is a mere reiteration of the principle involved in those already given. (580.)

2. EVIDENCE—*Burden of Proof.* Prosecution under a city ordinance for conducting an auction sale without license. The defendant had advertised the sale in his own name, and conducted it in his own person, at a place where he had for years carried on the same business. He defended on the ground that he was acting as the servant of another, who was duly licensed. The burden of establishing the defense was upon the defendant. And *held* that if the claim of employment by a licensed person was a mere subterfuge, to evade the requirements of the ordinance, it must be disregarded. (580, 581.)

3. TRIAL—*Communication of the Court with the Jury,* should be, invariably, in open court, and in the presence of counsel. (581.)

4. APPEAL AND ERROR—*Harmless Error.* An instruction transmitted by the court to the jury during their retirement, and which erred in favor of the defeated party, cannot be assigned for error. (582.)

That one alleged to be prejudiced against the defendant was the bailiff having charge of the jury during their retirement cannot be assigned for error where there is no pretense that such bailiff in any way influenced the jury. (582.)

*Error to Montrose County Court.* Hon. H. W. HANES, Judge.

Messrs. CATLIN & BLAKE, for plaintiff in error.

Mr. CHARLES J. MOYNIHAN, Mr. EDWARD M. SHERMAN, for defendant in error.

GARRIGUES, J., delivered the opinion of the court.

December 1, 1913, plaintiff in error, as defendant, was

tried and convicted upon a complaint and information filed June 3, 1913, in the County Court, charging him with violating on May 24, 1913, an ordinance of the City of Montrose, making it unlawful for any person, firm or corporation to sell or expose for sale by way of barter, vendue, or auction, any goods, wares, merchandise or property of any kind, or to conduct an auction sale within the limits of the city, without first obtaining a license therefor, and providing a fine for each offense of not less than $3.00 nor more than $100.00. The jury returned a verdict finding defendant guilty, and assessed his fine at $1.00. He brings the case here on error.

Defendant was a professional auctioneer, and had a place of business or stand in Montrose where he had for a number of years conducted public auctions. It was admitted that his license as such auctioneer had expired, and that he had none after May 1, 1913; but that one Rymal did have such a license on May 24, 1913.

The evidence for the city shows defendant advertised the sale in question, in his own name, to be held at "the old stand," and that the sale was held at his usual place of conducting auction sales; that he was on the auction stand crying the sale, and sold various articles. The validity of the ordinance is not questioned. The defense was that Rymal was conducting the sale under a proper license, and that defendant was acting as his agent or assistant.

The court told the jury that the city was required to prove its case by a preponderance of the evidence; that defendant set up the defense that he conducted the auction as the agent and under the immediate control and direction of Rymal, who had an auctioneer's license; that a licensed auctioneer need not make all the sales in person, but may employ necessary clerks and servants, have them use the hammer, make the outcry, and make all necessary arrangements for the sale; that this must be done under the licensed auctioneer's immediate direction and supervision; that the licensed auctioneer having the sale, need not be actually present dur-

ing the whole time of the sale, and that an occasional absence would not of itself subject the servant, employe or assistant to the penalties of the ordinance; that if the jury found from the evidence that Rymal was a licensed auctioneer, and defendant was acting as his servant or assistant in making the sale and arranging therefor, and acted under the supervision of Rymal, that they should find him not guilty; that the burden of proof was upon defendant to establish such defense by a preponderance of the evidence; that before such a defense could be availing to the defendant, the jury must find by a preponderance of the evidence on the trial that defendant acted as the agent of Rymal under the latter's direction and control; that such defense must be made in good faith, and not for the purpose of evading the law; that if the jury found from the evidence on the trial that the defendant procured Rymal to act as the chief auctioneer at the sale, for a part of the time, for the purpose of evading the payment of a license fee, that it should disregard such defense; that the penalty for violating the ordinance is a fine of from one cent to fifty dollars.

1. Error is assigned on the refusal of the court to give defendant's requested instructions 3 and 6. The principle involved in these instructions was fully covered by the instructions given and a repetition was unnecessary.

2. This was a civil action to recover a penalty for violating an ordinance requiring auctioneers holding an auction sale, or exposing for sale at public vendue or auction any personal property, to procure a license therefor. It was admitted defendant had no such license and the evidence, without dispute or contradiction, shows he had for a number of years been a professional auctioneer, and conducted an auction business at a stand owned by him; that he advertised this sale in his name, at his old stand, and that on this occasion he cried the sale and used the hammer. The defense was that the sale was Rymal's, who had a license, and that defendant acted as his agent. This, under the facts, was

a plea in the nature of confession and avoidance, and could not avail defendant unless established to the satisfaction of the jury by a preponderance of the evidence on the trial. The court committed no error in telling the jury that the burden of proof was upon defendant to establish such defense by a preponderance of the evidence. Neither was there error in instructing the jury that if this matter relied upon as a special defense was not entered into and conducted in good faith, but was merely a subterfuge between defendant and Rymal, for the purpose of evading the law, that the jury should disregard it.

3.    It seems after the jury retired, the bailiff in charge told the court:   "The jury wants to know what the penalty is for the violation of the ordinance"; and that the court wrote out an instruction and gave it to the bailiff, with directions to deliver it to the jury; that none of the attorneys in the case were present when this occurred, and that they had no knowledge of it until after the trial was concluded. The instruction sent out to the jury was as follows.   "The jury is further instructed that the penalty for a violation of the ordinance in question is a fine of from one cent to fifty dollars."   Good practice required that the court, before giving this instruction, should have called the jury into the court room, and read it to them in the presence of counsel for both sides, unless they waived this formality.   We wish strongly to impress upon trial courts that they should not communicate with the jury on matters affecting the rights of the parties except in open court and in the presence of counsel.

*Moffitt v. People, ante,* 149 Pac. 104. While the giving of the instruction in this manner was bad procedure, we cannot hold it to be reversible error, because it does not appear that it in any manner prejudiced the rights of the defendant.   It is also claimed that the instruction was erroneous and the judgment wrong; that under the ordinance the fine could not be less than $3.00 nor more than $100.00.   That is true, but

how can defendant claim that he was injured? The verdict and judgment are not of a different kind from that which the ordinance prescribes and defendant cannot complain because they are lighter than the minimum fixed by the ordinance. The error was in his favor. *De Lappe v. Sullivan,* 7 Colo. 182, 2 Pac. 926; *Willard v. Mellor,* 19 Colo. 534, 36 Pac. 148; *Knowles v. Harvey,* 10 Colo. App. 9, 52 Pac. 46; *Harmison v. City,* 153 Ill. 313, 38 N. E. 628, 46 Am. St. 893, 12 Cyc. 783.

4. It seems this was the second trial of the case. On the first trial, in which the jury disagreed, one Cooper was a member of the jury and voted for conviction. At the second trial Cooper acted as bailiff, to which defendant objected for the reasons above stated. Defendant in order to take advantage of this occurrence would have to show more than the above facts to warrant us in reversing the case on that ground. There is no claim that Cooper influenced the jury in any way or that the rights of defendant were in any manner prejudiced on this account or that the bailiff did not impartially perform the duties of his office.

The judgment is affirmed.

*Affirmed.*

GABBERT, C. J., and SCOTT, J., concur.