No. 17,695.

WILLIAM KATH, ET AL. *v.* BERTON DAVID BRODIE, ET AL.
(287 P. [2d] 957)

Decided September 19, 1955.

Mr. WALDO RIFFENBURGH, Mr. ROBERT H. DARDEN, for plaintiffs in error.

Messrs. WOLVINGTON & WORMWOOD, for defendants in error.

*En Banc.*

MR. CHIEF JUSTICE ALTER delivered the opinion of the Court.

WILLIAM KATH and Elizabeth Kath brought an action to recover judgment for damages arising out of an automobile collision with an automobile owned by Mrs. C. C. Brodie, and being driven by her son Berton David Brodie. William Kath, the owner of the other automobile involved in the collision, sought a judgment for damages for his automobile, and Elizabeth Kath, being the driver of the Kath automobile, sought damages for personal injuries. The cause was tried to a jury which returned its verdict in favor of defendants, whereupon the trial judge ordered the verdict received and instructed the clerk to "enter judgment accordingly forthwith." Plaintiffs' motion for a new trial was denied, and plaintiffs are here by writ of error seeking a reversal.

The parties will be referred to as plaintiffs and defendants as those positions were taken by them in the trial court.

Plaintiffs rely on three points on which they assert the judgment should be reversed. The court erred in: 1. Unduly restricting plaintiffs' counsel in his *voir dire* examination of prospective jurors; 2. refusing to give plaintiffs' requested instruction; 3. in receiving and answering a communication from the jury prior to the return of its verdict. These points will be discussed in the order mentioned.

1. Plaintiffs' counsel, without having laid any founda-

tion therefor, sought to examine prospective jurors concerning their relationship with the State Farm Mutual Insurance Company, hereinafter called Insurance Company, and during this examination the following indicates the course thereof which was, until noted otherwise, made without objection in defendants' behalf.

"Q. Mr. Brubaker [a member of the jury panel] are you an agent for or interested in the Farm State Mutual Insurance Company?

"Mr. Brubaker: No.

"Mr. Bergstresen, are you an agent for or interested in the State Farm Mutual Insurance Company?

"Mr. Bergstresen: I am a policy holder.

"Q. Would that fact cause you in this case or in any case to be influenced in any way?

"Mr. Bergstresen: I don't see how.

"Q. *You are familiar with some of the workings of mutual insurance companies, that if the losses become too large the policy holders may be assessed?*

"Mr. Wolvington: If the Court pleases, I object to this line of questioning.

"The Court: The objection is good, Mr. Riffenburgh.

"Mr. Riffenburgh: Save an exception, please."

■ After having completed his examination of the jurors in the box, plaintiffs exercised no preemptory challenge and allowed one of the jurors who was a policy holder in the Insurance Company to remain on the jury which tried the cause. Plaintiffs' counsel, in support of his position that he was unduly restricted in his examination of prospective jurors, cites several decisions. We have read all of the decisions announced by this court pertinent to the question and believe that *Rains v. Rains,* 97 Colo. 19, 46 P. (2d) 740, is the one permitting the greatest latitude in the examination of jurors on their *voir dire.* The decision, we believe, does not support plaintiffs' position. Defendants' counsel made no objection whatever to the examination of prospective jurors in connection with their business or other relations with the

Insurance Company although, as we have said, there was nothing in the record to indicate that this Insurance Company was interested in this litigation as insurer or otherwise. Assuming the propriety, under the circumstances here, of inquiring as to the prospective juror's relationship to the Insurance Company, the question to which defendants' counsel objected was properly sustained. It was wholly immaterial what the policy or "workings" of other mutual insurance companies might be. That was a matter with which neither plaintiffs' counsel nor the jurors were in any wise concerned in the trial of the case. If the policies issued by this Insurance Company had a provision which permitted assessments against its policy holders, that fact might be pertinent.

2. At the conclusion of all of the evidence, plaintiffs' counsel tendered to the court twenty-one instructions, many of which were given by the trial court either in the exact language of the tendered instructions or without material modification thereof. There was no objection interposed by plaintiffs' attorney to any of the instructions given by the court, but it is urged here that the court erred in refusing to give plaintiffs' tendered instruction No. 13 which reads:

"You are instructed that if you find and believe from a preponderance of the evidence that the defendant, Berton Davis Brodie, failed to yield the right of way to the plaintiff, Elizabeth Kath, at the intersection in question; that he drove upon his left hand side of the street, or that he drove at a high and dangerous rate of speed and that any one or more of which was the proximate cause of the collision in question, then and in that event, you will find for the plaintiffs unless you find from a preponderance of the evidence that the plaintiff, Elizabeth Kath, was guilty of contributory negligence which was the *proximate cause of the collision.*" (Italics ours.)

Plaintiffs' tendered instruction No. 9 (b) reads:

"Proximate cause is the efficient cause from which an

injury flows, in unbroken sequence without any inter-
vening cause to break the continuity."

This instruction No. 9 was given verbatim by the trial
court in its instruction No. 9. It will be noted that plain-
tiffs' tendered instruction No. 13 required the jury to
return its verdict for plaintiffs if it found that defendant
driver was guilty of negligence which was the proximate
cause of the damage "unless you find from a preponder-
ance of the evidence that the plaintiff, Elizabeth Kath,
was guilty of contributory negligence which was the
*proximate cause of the collision.*" If the negligence of
defendant driver was the proximate or contributing
cause of the accident, and plaintiff driver was guilty also
of contributory negligence, then under the court's in-
struction No. 11, to which no objection was interposed,
the jury was instructed that both parties being at fault,
neither could recover. Plaintiffs' tendered instruction
No. 13 was faulty because it instructed the jury that if it
found defendant driver guilty of negligence it must re-
turn a verdict for plaintiffs unless it found plaintiff
driver was guilty of *contributory negligence which was
the proximate cause of the collision.* Plaintiffs' negli-
gence need not be the proximate cause. If it was a con-
tributing cause, then the jury was instructed by the
court that both parties to the action being negligent,
neither could recover. The instructions given by the trial
court were eminently fair.

 3. The jury, during its deliberations and before
arriving at the verdict, passed a written communication
to the judge. The same read: "If it is found that one
party is to blame to greater degree, but that both are
guilty of same negligence, how shall we arrive at a
verdict?" The court answered the inquiry by written
communication as follows: "This matter is covered in
your instructions. Dale E. Shannon, Judge." Plaintiffs
take the position that this question and the answer
thereto violated Rule 47, R.C.P. Colo., subparagraphs
(1) and (n). The most casual reading of the rules cited

will completely refute plaintiffs' contention here.

There is no error prejudicial to the plaintiffs' rights in the record presented here for our consideration, and the judgment accordingly is affirmed.