## No. 19,362.

CHARLES WESLEY RAY, ET AL. *v.* PEOPLE OF THE STATE OF COLORADO.

(364 P. [2d] 578)

Decided September 5, 1961.

Mr. IRVING P. ANDREWS, for plaintiffs in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. J. F. BRAUER, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE DOYLE.

DEFENDANTS were convicted of aggravated robbery. Ray was sentenced to the state penitentiary for a term of not less than ten and not more than twenty years. Johnson received a sentence of from 80 years to life. Neither the disparity between the sentences imposed nor the reason for the extreme sentence imposed on Johnson is before us. The only errors presented pertain to conduct of the trial and thus we find it unnecessary to relate the facts.

Defendants contend that the judgments must be reversed for these reasons:

*First,* the court erred in responding to an interrogatory from the jury during their deliberations and outside the presence of counsel and the defendant.

*Second,* that one of the jurors was, it now appears, the wife of a deputy sheriff of Jefferson County and failed to disclose the fact. That this constituted prejudicial error.

We must take notice of the inadequacy of the record before us. Although it is a full and complete transcript and clerk's record and reveals everything which occurred in the trial court with which we are *not* concerned, it fails to disclose the facts relating to the errors alleged here. For this information we must depend on supplementary material. Ordinarily we would have granted the Attorney General's motion to dismiss but due to the seriousness of the charge and the severity of the sentence we are disposed to review the case on its merits, using such sources as are available for ascertainment of the facts.

1. *The jury communication.* While the jury was engaged in its deliberations it communicated a message to the bailiff. The inquiry was whether it could under the instructions find one of the defendants guilty and the other not guilty. The bailiff then contacted the judge, who was at home, by telephone. He in turn instructed the bailiff to write "yes" on a slip of paper and deliver it to the jury. Although the bailiff followed the directions which had been given, the jury found both defendants guilty.

Defendants do not contend that this incident was prejudicial. They argue that the policy of preserving inviolable the deliberations of the jury is so strong as to require reversal where it appears that there has been any extra judicial communication regardless of its prejudicial nature. The issue is thus limited to this point.

We are asked to overrule the earlier decision of *Kimmins v. City of Montrose,* 59 Colo. 578, 151 Pac. 434. The holding there was that a non-prejudicial communication was not error. At the same time the language of the opinion strongly condemned communications between judge and jury outside the courtroom and without the presence of counsel, as follows:

"Good practice required that the court, before giving this instruction, should have called the jury into the court room, and read it to them in the presence of counsel for both sides, unless they waived this formality. We wish strongly to impress upon trial courts that they should not communicate with the jury on matters affecting the rights of the parties except in open court and in the presence of counsel.

"*Moffitt v. People, ante,* 149 Pac. 104. While the giving of the instruction in this manner was bad procedure, we cannot hold it to be reversible error, because it does not appear that it in any manner prejudiced the rights of the defendant. It is also claimed that the instruction was erroneous and the judgment wrong; that under the ordinance the fine could not be less than $3.00 nor more than $100.00. That is true, but how can defendant claim that he was injured? The verdict and judgment are not of a different kind from that which the ordinance prescribes and defendant cannot complain because they are lighter than the minimum fixed by the ordinance. The error was in his favor. * * * "

■ We are not convinced that the majority rule is, as defendant contends, that any communication, whether prejudicial or non-prejudicial, affords a basis for reversal. Numerous decisions to the contrary are collected

in 41 A.L.R. (2d) 266, under an introductory comment which reads as follows:

"Trial judges in criminal cases generally are extremely careful as to communications between the jurors and themselves outside of court and after submission of a case to them. In many cases a contention that the judge had such communications with the jurors as to have a prejudicial effect or otherwise constitute reversible error, has been rejected."

We further note that other decisions of this court have examined the communication in order to determine whether it was prejudicial. See *Dill v. People,* 94 Colo. 230, 29 P. (2d) 1035; *Holland v. People,* 30 Colo. 94, 69 Pac. 519. The communication here in issue does not disclose that any prejudice whatever resulted to defendants and we must, therefore, reject the contention that any such communication between court and jury constitutes reversible error.

2. In support of their contention that the presence on the jury of the wife of a commissioned deputy sheriff prevented them from having a fair and impartial trial, defendants cite *Tate v. People,* 125 Colo. 527, 247 P. (2d) 665.

On this point the record reveals that the juror in question was subjected to searching questions regarding the admitted fact that her husband was a member of a merchant police force in Jefferson County. The specific question whether he had been commissioned as a deputy sheriff was not asked. Counsel did not pursue the subject further, and being advised that the juror's husband was a police officer, the fact that he was also a deputy sheriff could have added nothing material to his decision as to whether he should challenge the juror as biased because of her husband's occupation.

The disability of the juror who served in the *Tate* case was clear. There the juror was shown to be a deputy sheriff. This fact first appeared after the jury was selected. Counsel immediately challenged the juror. In

holding that a deputy sheriff who owed allegiance to the sheriff, the prosecuting witness in the case, was necessarily disqualified, the court observed:

" * * * Loyalty to his superior officer would undoubtedly be expected to have its weight."

In the instant case the juror was shown to be a teacher, and to have disclosed the facts in response to questions. Having mentioned that her husband was a police officer she was not required to volunteer facts, of which her knowledge may have been limited, as to the source of his commission.

The judgment is affirmed.

MR. JUSTICE MOORE and MR. JUSTICE SUTTON concur.