Mr. Justice Day
delivered the opinion of the Court.
*150 Plaintiff in error Reimer was defendant in the trial court against whom a jury returned a verdict for damages in the amount of $5000. For a resolution of the writ of error presented here, the evidence concerning the accident on which the action was brought is of no significance.
Defendant has set forth three points of error. One of these points necessitates a reversal and remand for a new trial. Therefore, we do not discuss the others.
I.
After the case had been submitted to the jury for its deliberations, the jury sent an oral inquiry, transmitted by the bailiff, to the court. The court in turn, through the bailiff, sent back an oral instruction without consultation with counsel of either party and without presenting the instruction to the jury in open court. The parties and counsel had remained in the courthouse and were available at a moment’s notice to return to the courtroom. What took place was made of record only by the following colloquy between court and counsel after the jury verdict was received:
“Mr. Hilgers: * * * I noted that there were two messages sent from the jury room to the Court, and some answers sent back, and I would like those made of record, too, if I could.
“The Court: All right.
rj» 'S*
“Mr. Hilgers: Could I inquire as to what the inquiry was from the jury on the first message?
“The Court: It was whether or not, I mean what he asked me anyway, was whether or not they would have to return either verdict.
“The Bailiff: That’s correct.
“The Court: And I told them they would have to return one of the verdicts that was given to them.”
(The record disclosed that there was only one message rather than two as counsel at first supposed.)
*151 The action of the court was in violation of R.C.P. Colo. 47(n), which provides as follows:
“Additional Instructions. After the jury has retired for deliberation, if it desires additional instructions, it may request the same from the court; any additional instructions shall be given it in court in the presence of or after notice to the parties. (Code Sec. 212.)”
We construed Rule 47 in Kath v. Brodie, 132 Colo. 338, 287 P.2d 957, and held in that case that it was not error for the court to send in a written communication to the jury. The communication was not in fact an instruction and merely advised the jury, “This matter is covered in your instructions.” That case differs substantially from the case at bar wherein the court did not give the instruction in writing and compounded the error by having the bailiff relay the oral statement to the jury. There is no record as to the actual transmission of the words either from the court or from the bailiff except their recollection as revealed in the quoted portion of the record.
Defendant argues, and we believe with merit, that the jury by its inquiry indicated that it was in disagreement. The oral instruction precluded any possibility of a hung jury and went far beyond the usual written third degree instruction which we have suggested should be used with caution. Almost immediately after receiving the oral communication, the jury returned its verdict, and it could reasonably be assumed that any honest debate among the jurors was further precluded by the blunt instruction that they must return one verdict or the other and with the implication that they could not report a disagreement. For cases holding similar court conduct being prejudicial error see: Vick v. Zumwalt, 130 Colo. 148, 273 P.2d 1010; Dorsett v. Crew, 1 Colo. 18; Parfet v. Kansas City Life Insurance Co., 128 F.2d 361 (10th cir.), cert. denied 317 U.S. 654, 63 S.Ct. 50, 87 L.Ed. 526; Guzzi v. Jersey Central Power & Light Co., 36 N.J. Super. 255, 115 A.2d 629 (App. Div.).
It is to be noted that the record did not show that *152 the defendant objected to the court’s instruction. However, it appears that he was not consulted and had no opportunity to object before the instruction was given. In Brakhahn v. Hildebrand, 134 Colo. 197, 301 P.2d 347, we held that under R.C.P. Colo. 46 a party who was afforded no opportunity to object to an instruction on contributory negligence was not precluded from raising the point on review.
The judgment is reversed and the cause remanded to the trial court for a new trial.
Mr. Justice Lee not participating.