The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Joseph Noel LEONARDO, Jr., Defendant-Appellant.

No. 83CA0678.

Colorado Court of Appeals, Div. III.

May 3, 1984.

Rehearing Denied May 31, 1984.

tion on "knowingly" was included in the packet of instructions the jury received.

During its deliberations, the jury sent a note to the court asking, "Is knowing or believing in Instruction Number 6 the same as having a suspicion of?" Without consulting counsel for either side or advising the defendant, the court answered in writing, "Ladies and Gentlemen: You must reach your verdict applying the words as you find them in the instructions."

Shortly thereafter, the jury reached its verdict, finding defendant guilty of both charges. After defendant's counsel was advised of these occurrences, he unsuccessfully sought a new trial.

Defendant contends that the trial court erred not only in responding to a question from the jury outside the presence of counsel and the defendant but also in the answer given.

■ Although the court erred in not affording counsel an opportunity to be heard and in not having the defendant present, *Ray v. People,* 147 Colo. 587, 364 P.2d 578 (1961); *see also Kimmins v. City of Montrose,* 59 Colo. 578, 151 P. 434 (1915); C.R. C.P. 47(n), no reversible error occurred because defendant was not prejudiced by the answer given. *People v. Thomas,* 181 Colo. 317, 509 P.2d 592 (1973); *Wiseman v. People,* 179 Colo. 101, 498 P.2d 930 (1972); *Ray v. People,* 147 Colo. 587, 364 P.2d 578 (1961); *People v. Martinez,* 42 Colo.App. 307, 600 P.2d 82 (1979). *Cf. Reimer v. Walker,* 170 Colo. 149, 459 P.2d 274 (1969).

■ The court replied appropriately to the jury's question. The instruction referred to in the question listed "knowing or believing that said thing of value has been stolen" as one of the elements of theft by receiving. This instruction was substantially in the words of the statute, and that was sufficient. *People v. Dago,* 179 Colo. 1, 497 P.2d 1261 (1972). In addition, "knowingly" was defined in the next instruction given. "Believing" needed no definition; it is a basic, commonly understood word. *See People v. Holloway,* 193 Colo. 450, 568 P.2d 29 (1977). And, there

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado Springs, for defendant-appellant.

VAN CISE, Judge.

Defendant Joseph N. Leonardo, Jr., appeals his conviction of theft by receiving and conspiracy to commit theft by receiving. We affirm.

At the conclusion of the evidence, the jury was instructed on the elements of theft by receiving, and one of the elements listed was "knowing or believing" that the thing of value had been stolen. *See* § 18-4-410, C.R.S. (1978 Repl.Vol. 8). The term "believing" was not further defined in the instructions, although the stock instruc-

was no suggestion in any of the instructions that "suspicion" would suffice as an element of the offense charged.

A jury is "capable of denoting the meaning of the terms in the statute and the concept of the crime of theft by receiving." *People v. Griffie*, 44 Colo.App. 46, 610 P.2d 1079 (1980). Hence, further explanation here was unnecessary.

No abuse of discretion, and therefore no reversible error, occurred in responding to the question by merely referring the jury back to the instructions. *Phillips v. People*, 170 Colo. 520, 462 P.2d 594 (1969); *Kath v. Brodie*, 132 Colo. 338, 287 P.2d 957 (1955). "[T]he defendant's speculation concerning the mere possibility of prejudice is insufficient to warrant reversal." *People v. Thomas, supra.*

Judgment affirmed.

STERNBERG, J., concurs.

METZGER, J., dissents.

METZGER, Judge, dissenting.

I respectfully dissent.

In general, a trial court has a duty to answer proper jury questions. As the Supreme Court in *Bollenbach v. United States*, 326 U.S. 607, 66 S.Ct. 402, 90 L.Ed. 350 (1946) noted: "When a jury makes explicit its difficulties a trial judge should clear them away with concrete accuracy."

Almost half the states have adopted statutes or rules which expressly govern the appropriate disposition of a jury's request for additional instructions. *See, e.g.,* Ariz. R.Crim.P. 22.3; Ark.Stat Ann. § 43–2139 (1977); Cal.Penal Code § 1138 (West 1970); Fla.R.Crim.P. 3.410; Idaho Code § 19–2204 (1948); Ind.Code Ann. § 34–1–21–6 (Burns 1973); Iowa R.Crim.P. 18(5)(g); Ky.Rev. Stat. § 29.304 (1971); La.Code Crim.Pro. Ann. art. 808 (West 1967); Me.Rev.Stat. tit. 14, § 1106 (1965); Minn R.Crim.P. 26.-03(19); N.Y.Crim.Proc. Law § 310.20(1) (McKinney 1971); N.D.Cent.Code § 29–22–05 (1974); Okla.Stat. tit. 22, § 894 (1958); Or.Rev.Stat. § 17.325 (1973); S.D.Compiled Laws Ann. § 23A–25–8 (Spec.Supp.1978);

Tex.Crim.Pro.Code Ann. art. 36.27 (1966); Utah Code Ann. § 77–32–3 (1978); Wash. Sup.Ct.Crim.R. 6.15; Wis.Stat.Ann. § 805.-13 (West 1976). In the majority of those jurisdictions, it is mandatory that a trial judge answer a proper jury question.

Adoption of *ABA, Standards for Criminal Justice*, Standard 15–4.3(a)(2d ed. 1982), would clarify the issue raised here. That standard states:

"If the jury, after retiring for deliberation, desires to be informed on any point of law, they shall be conducted to the courtroom. The court shall give appropriate additional instructions in response to the jury's request unless:

(i) the jury may be adequately informed by directing their attention to some portion of the original instructions;

(ii) the request concerns matters not in evidence or questions which do not pertain to the law of the case; or

(iii) the request would call upon the judge to express an opinion upon factual matters that the jury should determine."

The majority view assumes that all persons understand all words in the same way. That is, the majority concludes that, since it understands the difference between "knowing or believing" and "having a suspicion of," the members of the jury here understood that distinction as well. That analysis begs the question: the jury did experience difficulty in analyzing those terms, otherwise it would not have posed the question. To respond, as the trial court did here, by saying that the answer is contained in the instructions as a whole, is tantamount to no answer at all.

Furthermore, the presence of a defendant and his counsel at this stage of the proceedings is required. As our Supreme Court stated in *Nieto v. People*, 160 Colo. 179, 415 P.2d 531 (1966), this requirement: "Is imbedded in the constitution of both this state and nation". Consequently, the trial court did err in proceeding without counsel or defendant, and thus, the result reached here can be justified only by applying the standard set out in *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17

**514**

L.Ed.2d 705 (1967) concerning harmless error beyond a reasonable doubt. In *Chapman*, Justice Black, writing for the majority, concluded that the purpose of a harmless error analysis is to "block setting aside convictions for small errors or defects that have little, if any, likelihood of having changed the result of the trial."

However, applying the *Chapman* standard to the circumstances in this case, I cannot agree with the majority's conclusion, that reversal is not required. The trial court here failed to assist the jury in its deliberations concerning a material element of the charge—*mens rea;* thus, its actions had significantly more than a "little likelihood" of changing the result of the trial.

Because the jury's unanswered question here evidenced a serious misapprehension of the law, its verdict was improper. It may well have convicted defendant of the crime changed premised upon a finding that he merely suspected the tools in question were stolen. "Proof that ascends no higher than the level of suspicion, surmise or conjecture has no substance in our system of jurisprudence, whether the problem considered be criminal or civil." *Stull v. People*, 140 Colo. 278, 344 P.2d 455 (1959).

The purpose of jury instructions is to advise a jury fully and clearly of the law applicable to all elements of the charge. If the jury is not adequately instructed, it cannot perform its function. Here, the jury was prevented from performing its duty and the defendant was prejudiced as a result. Accordingly, I would reverse the conviction and order a new trial.