STATE of Utah, Plaintiff and Respondent,

v.

Nick KOZIK, Defendant and Appellant.

No. 19514.

Supreme Court of Utah.

July 19, 1984.

Phil L. Hansen, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Curtis J. Drake, Paul M. Warner, Robert N. Parrish,

---

**12.** *Id.* at 529–30, 674 P.2d at 1203.

Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant appeals from five jury convictions of theft.[1] He says (1) there was insufficient evidence to show an intention to control the alleged stolen money, and (2) the trial judge improperly instructed the jury on a point of law during their deliberations.

Evidence favorable to the verdicts indicated that the defendant advertised in the news media that he was an expert at obtaining large loans for those seeking capital. He requested from his clients a "deposit," which he agreed to place in escrow and to refund if he were to be unsuccessful in obtaining a loan within a stated period. In the instances testified to in this case, he failed to escrow any of the deposits but rather used the money for his own purposes, after which he failed to obtain the loan as agreed. The victims inquired on numerous occasions about their deposits and their loans. For months on end, the clients could not reach the defendant. When they finally made contact, they were met with further excuses and evasion by the defendant. The pattern was the same in each instance, except for the clients and the amounts deposited and never returned.

Defendant was arrested and charged in January, 1983. The victims have never received the promised loans and have never received any refund as agreed or any prospect as to its return. On the contrary, it was proved without any substantial dispute that defendant converted the money to his own use. The circumstances of this case quite convincingly evidenced an intention at the time of receipt and thereafter to steal the money advanced if the loans were not successfully obtained. The evidence was entirely sufficient to permit us to affirm the decisions of the judge and jury.

After the case went to the jury, the foreman sent a note to the judge, who received it in the presence of the defendant, his counsel and the prosecutor. The note inquired whether, if the jury were "hung" on one count of the information, it would invalidate the others. The court called the jury back and, without first advising counsel as to what the note contained, advised the jurymen in the presence of defendant and his counsel that they must find a verdict on each of the six counts, as they had been previously instructed. The court then told them the answer was given in the instructions and explained it to them, after which the jury retired. The judge then read the question for the record.

Defendant objected to the fact that he did not know the contents of the question before it was answered and asked for a mistrial. He did not ask that the jury be recalled or that he be allowed to argue the matter (which the trial judge had given him time to do), nor did he question the jury's inquiry or the judge's answer. He simply stated that the procedure taken denied defendant his constitutional right to a public trial, due process and equal protection. On appeal, he does not challenge the correctness of the judge's response to the jury question or claim that he was prejudiced by any lack of accuracy therein.

The trial judge acted within his discretion under U.C.A., 1953, § 77–35–17(m). That Rule of Criminal Procedure provides as follows:

After the jury has retired for deliberation, if they desire to be informed on any point of law arising in the cause, they shall inform the officer in charge of them, who shall communicate such request to the court. The court may then direct that the jury be brought before the court where, in the presence of the defendant and both counsel, the court shall respond to the inquiry or advise the jury that no further instructions shall be given. Such response shall be recorded. The court may in its discretion respond to the inquiry in writing without having

---

1. In violation of U.C.A., 1953, § 76–6–404.

the jury brought before the court, in which case the inquiry and the response thereto shall be entered in the record.

The jury's note to the judge involved a point of law, which was resolved in the presence of defendant and both counsel, and which duly was recorded by the trial court. In any event, irrespective of the authority delegated in the Rule, the decision in *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), is dispositive. That decision articulates the "harmless error" rule. In our own recent decision in *State v. Urias*, Utah, 609 P.2d 1326 (1980), we referred to *Chapman* and held as follows:

> [W]e do not upset the verdict of a jury merely because some error or irregularity may have occurred, but will do so only if it is something substantial and prejudicial in the sense that there is a reasonable likelihood that in its absence there would have been a different result.

The verdicts and judgment are affirmed.

ZIMMERMAN, J., does not participate herein.