STATE of Utah, Plaintiff and Appellee,

v.

Robert A. LUCERO, Defendant
and Appellant.

No. 920821–CA.

Court of Appeals of Utah.

Nov. 23, 1993.

Patrick L. Anderson, Salt Lake City, for defendant and appellant.

David E. Yocum and C. Dane Nolan, Salt Lake City, for plaintiff and appellee.

Before GREENWOOD and JACKSON, JJ., and GARFF[1], Senior Judge.

## OPINION

JACKSON, Judge:

Robert A. Lucero appeals a judgment and sentence for conviction of possession of a deadly weapon with intent to assault in violation of Utah Code Ann. § 76–10–507 (1992), and also appeals an order denying a motion for new trial. We affirm.

## FACTS

In an information dated August 5, 1992, the State charged Lucero with one count of possession of a deadly weapon with intent to assault, a class A misdemeanor. The substance of the charge was that Lucero unlawfully possessed a deadly weapon, a screwdriver, with the intent to unlawfully assault a deputy sheriff during a traffic stop. A jury trial was held and before retiring for deliberation, the jury was fully instructed on the elements of the offense. All jury instructions were in writing and were provided to the jury. During deliberation and while Lucero and counsel were absent, the jury sent a written question to the judge asking, "[i]s intent against the law?"[2] The trial judge, without consulting Lucero, his attorney, or the prosecutor, responded in writing, "[i]t is illegal to possess a deadly weapon with intent to assault. Intent without a deadly weapon is not illegal."

After the trial judge sent this supplemental instruction to the jury, and upon the return of the parties, the judge called Lucero, his attorney, and the prosecutor into the courtroom to put the jury's question and the instruction into the record. Lucero's attor-

ney stated that he was concerned about the second sentence of the instruction but that it was "adequate." He stated, "I can't propose a better wording, anyway." Later, when he had been instructed that the jury had reached a verdict, the trial judge again gave Lucero and his attorney the opportunity to place any objections into the record. Lucero's attorney did not object to any of the instructions or the fact that the trial judge had communicated with the jury without consulting him.

The jury returned a guilty verdict. Lucero later filed a motion for new trial on the grounds that the supplemental jury instruction was an incorrect statement of the law and that the judge improperly communicated with the jury during their deliberations. In support of his motion for new trial, Lucero submitted an affidavit from one of the jurors. The trial court denied the motion, and Lucero appeals his conviction and the trial court's denial of the motion for new trial.

## ISSUES

■ Lucero raises the following issues: (1) whether the trial judge's supplemental instruction to the jury during its deliberations was an incorrect and misleading statement of the law; (2) whether the trial judge improperly communicated with the jury during its deliberations in violation of Rule 17(m) of the Utah Rules of Criminal Procedure; and (3) whether the trial judge improperly refused to consider the affidavit of a juror in ruling on Lucero's motion for a new trial.[3]

## ANALYSIS

### Jury Instruction

■ Lucero asserts that the trial judge's supplemental instruction to the jury

1. Senior Judge Regnal W. Garff, acting pursuant to appointment under Utah Code Ann. § 78–3–24(10) (1992).

2. The trial judge received the question from the jury during a twenty minute break for all parties to get dinner. Rather than waiting for counsel to return, the judge answered the question and notified counsel upon their return.

3. The State argues that Lucero did not properly preserve the first two issues for appeal because counsel for Lucero did not properly object to the

trial judge's communication with the jury or to the content of the supplemental jury instruction. However, even if we determined Lucero did not properly object, the trial court's consideration and ruling on the merits of the issues addressed in Lucero's motion for a new trial sufficiently preserved those issues for appeal. *See State v. Seale*, 853 P.2d 862, 870 (Utah), *cert. denied,* —— U.S. ——, 114 S.Ct. 186, 126 L.Ed.2d 145 (1993); *State v. Belgard*, 830 P.2d 264, 266 (Utah 1992); *State v. Johnson*, 821 P.2d 1150, 1161 (Utah 1991).

during deliberation was an incorrect and misleading statement of the law. A challenge to a jury instruction as incorrectly stating the law presents a question of law, which we review for correctness. *State v. Archuleta*, 850 P.2d 1232, 1244 (1993), *cert. denied*, — U.S. —, 114 S.Ct. 476, 126 L.Ed.2d 427 (1993). Jury instructions must be read and evaluated as a whole. *State v. Johnson*, 774 P.2d 1141, 1146 (Utah 1989). They must accurately and adequately inform a criminal jury as to the basic elements of the crime charged. *State v. Roberts*, 711 P.2d 235, 239 (Utah 1985). However, if taken as a whole they fairly instruct the jury on the law applicable to the case, the fact that one of the instructions, standing alone, is not as accurate as it might have been is not reversible error. *State v. Brooks*, 638 P.2d 537, 542 (Utah 1981); *State v. Tennyson*, 850 P.2d 461, 470 (Utah App.1993).

 Lucero claims the second sentence of the supplemental jury instruction, "[i]ntent without a deadly weapon is not illegal," misled the jury because it was not clear from the sentence that Lucero must have had intent to assault. We agree that the second sentence of the jury instruction, viewed in isolation, may be confusing. However, when viewed with the first sentence, "[i]t is illegal to possess a deadly weapon with intent to assault," it is clear that the word "intent" in the second sentence refers to intent to assault. Moreover, in considering this supplemental instruction along with the other jury instructions, as we are required to do, the jury instructions properly informed the jury of the elements of the crime charged. Jury Instruction 15 states:

> To convict the defendant, Robert Lucero, of possession of a deadly weapon with intent to assault, each of the following elements must be proved beyond a reasonable doubt:
>
> One: That on or about July 14, 1992;
>
> Two: In Salt Lake County, Utah;
>
> Three: The defendant, Robert A. Lucero;
>
> Four: Did have upon his person a dangerous weapon with intent to unlawfully assault another.

> If you find from the evidence that the elements have been proved beyond a reasonable doubt, then it is your duty to return a verdict of guilty; however, if you have a reasonable doubt as to one or more of the elements, it is your duty to return a verdict of not guilty.

This instruction clearly states that the jury must find intent to assault, not intent to possess a deadly weapon. Accordingly, viewing the jury instructions as a whole, we conclude the sentence, "[i]ntent without a deadly weapon is not illegal," was not an incorrect or misleading statement of the law.

### Communication with Jury

Lucero also alleges the trial judge improperly communicated with the jury during its deliberations in violation of Rule 17(m) of the Utah Rules of Criminal Procedure. Rule 17(m) provides:

> After the jury has retired for deliberation, if they desire to be informed on any point of law arising in the cause, they shall inform the officer in charge of them, who shall communicate such request to the court. The court may then direct that the jury be brought before the court where, in the presence of the defendant and both counsel, the court shall respond to the inquiry or advise the jury that no further instructions shall be given. Such response shall be recorded. The court may in its discretion respond to the inquiry in writing without having the jury brought before the court, in which case the inquiry and the response thereto shall be entered in the record.

Lucero asserts that although not specifically stated, this rule requires the trial judge to consult with Lucero, Lucero's counsel, and the prosecutor before communicating with the jury in writing. In support of his position, Lucero cites cases from other jurisdictions which hold that it is reversible error for a trial judge to communicate with the jurors after they have retired to deliberate unless the defendant and counsel have been notified and given an opportunity to be present. *See State v. Fletcher*, 149 Ariz. 187, 717 P.2d 866 (1986); *People v. Leonardo*, 687 P.2d 511 (Colo.Ct.App.1984), *rev'd on other grounds*,

728 P.2d 1252 (Colo.1986); *Cavanaugh v. State,* 102 Nev. 478, 729 P.2d 481 (1986); *Fisher v. State,* 736 P.2d 1003 (Okla.Crim. App.1987), *cert. denied,* 486 U.S. 1061, 108 S.Ct. 2833, 100 L.Ed.2d 933 (1988); *State v. Allen,* 50 Wash.App. 412, 749 P.2d 702 (1988).

However, these states all have case law or statutes that either prohibit the judge from communicating with the jury in writing or specifically require the trial judge to consult with the defendant and counsel before communicating with the jury in writing.[4] Utah's rule is not so narrow. Pursuant to Rule 17(m), the court may respond to an inquiry from a jury in writing without having the jury brought before the court. If the judge chooses this course, he or she must at some point enter the question and answer into the record, giving counsel opportunity to object to the instruction. Utah R.Crim.P. 17(m).

This is precisely what the trial judge did in this case. Upon the return of the parties, the judge called Lucero, his attorney, and the prosecutor into the courtroom to put into the record the jury's question and the instruction. Rule 17(m) does not require the judge to request input from counsel before giving the instruction; rather, it requires the judge to put the question and response into the record. Accordingly, we find the judge's issuance of the supplemental instruction to be proper.[5]

### Juror Affidavit

Lucero also alleges that the trial judge improperly refused to consider a juror affidavit in ruling on Lucero's motion for a new trial. Rule 606(b) of the Utah Rules of Evidence allows testimony on the question of "whether any outside influence was improperly brought to bear upon any juror." However, Rule 606(b) provides that evidence by affidavit will not be admitted as to "any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror."

All inquiries into the thought processes of the jurors are improper because they undermine the integrity of the verdict. *State v. Thomas,* 830 P.2d 243, 248 n. 4 (Utah 1992); *State v. Gee,* 28 Utah 2d 96, 498 P.2d 662, 665–66 (1972). An affidavit of a juror will not be received to show the juror's opinions, surmises, and processes of reasoning in arriving at a verdict. *Thomas,* 830 P.2d at 248 n. 4. "Rule 606(b) limits testimony to the *objective* existence of extraneous prejudicial information or an outside influence; jurors may not testify as to how they or the other jurors were *subjectively* affected by the extraneous information." *Id.*

In support of his motion for a new trial, Lucero submitted an affidavit from one of the jurors. The affidavit did not allude to extraneous information or influence, in conformance with Rule 606(b), but rather outlined the alleged influence of the supplemental instruction on the jury and the jury's process of reasoning. Because the affidavit contains information concerning the jury's deliberations, the trial court properly refused to consider it.[6]

### CONCLUSION

The trial judge's supplemental jury instruction to the jury during deliberation was

---

4. For example, Rule 22.3 of the Arizona Rules of Criminal Procedure states that supplemental jury instructions may be given only after notice to the parties. *Fletcher,* 717 P.2d at 870. Colorado and Nevada case law requires the court to contact counsel before answering questions by the jury during deliberation. *Leonardo,* 687 P.2d at 512; *Cavanaugh,* 729 P.2d at 485. An Oklahoma statute requires the trial court to call the jury back into the courtroom in the presence of, or after notice to, the district attorney and defense counsel before the judge may answer any question submitted by a jury. 22 O.S.1981 § 894. Washington courts have held that no communication between the court and jury is proper in

the absence of the defendant. *Allen,* 749 P.2d at 706.

5. Even if the communication had been improper, it was harmless error because the supplemental instruction was accurate. *See State v. Kozik,* 688 P.2d 459, 461 (Utah 1984) (error must be substantial and prejudicial in the sense that there is a reasonable likelihood that in its absence there would have been a different result).

6. We have also reviewed Lucero's allegation that the submission of an allegedly "erroneous" verdict form was plain error and find it to be without merit.

not an incorrect and misleading statement of the law and the trial judge did not violate Rule 17(m) in submitting it to the jury. Further, the trial judge properly refused to consider the affidavit of a juror in ruling on Lucero's motion for a new trial. Accordingly, we affirm.

GREENWOOD, J., and GARFF, Senior Judge, concur.