VOROS, Associate Presiding Judge
(concurring in part and concurring in the result in part):
T11 I concur in the lead opinion with respect to the sentencing issue. With respect to the issue concerning burden of proof, I concur in the result only. On that issue, I would affirm on the ground that the appeal is inadequately briefed.
€ 12 An adequately briefed argument must "contain the contentions and reasons of the appellant with respect to the issues presented, including the grounds for reviewing any issue not preserved in the trial court, with citations to the authorities, statutes, and parts of the record relied on." Utah R.App. P. 24(a)(9). "'Implicitly, rule 24(a)(9) re *21 quires not just bald citation to authority but development of that authority and reasoned analysis based on that authority'" State v. Green, 2004 UT 76, ¶ 13, 99 P.3d 820 (quoting State v. Thomas, 961 P.2d 2909, 305 (Utah 1998)). An issue is inadequately briefed "when the overall analysis of the issue is so lacking as to shift the burden of research and argument to the reviewing court." Thomas, 961 P.2d at 305.
1 13 Cox here challenges a jury instruction. Jury instructions must be read and evaluated as a whole. State v. Johnson, 774 P.2d 1141, 1146 (Utah 1989). And, "if taken as a whole they fairly instruct the jury on the law applicable to the case, the fact that one of the instructions, standing alone, is not as aceu-rate as it might have been is not reversible error." State v. Lucero, 866 P.2d 1, 3 (Utah Ct.App.1993) (citing State v. Brooks, 638 P.2d 537, 542 (Utah 1981)).[1]
1 14 Cox contends that Jury Instruction 33 required her to present evidence that she had an honest belief that the check was legitimate and thus "unconstitutionally shifted the burden of proof to the defendant." The particular sentence to which Cox objects reads as follows: "Evidence of this defense must be presented by the defense, and if presented, the State retains its burden of proof beyond a reasonable doubt on all elements of the offense charged." (Emphasis added.) In eighteen pages of argument in her opening brief, Cox never acknowledges the existence of the italicized portion of this sentence. She thus argues that a jury instruction stating that "the State retains its burden of proof beyond a reasonable doubt on all elements of the offense charged" unconstitutionally shifted the burden of proof from the State to the defendant.
115 Given the well-established rules for analyzing jury instructions cited above, I do not think we ask too much by requiring an appellant to analyze not just the portion of the sentence she claims violates her constitutional rights, but the whole sentence. By not doing so here, Cox has shifted the burden of argument and analysis to this court.[2] I would affirm on that ground alone.

. In addition, when considering a constitutional challenge that an ambiguous instruction misled the jury, the proper inquiry is " 'whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way' that violates the Constitution." Estelle v. McGuire, 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (quoting Boyde v. California, 494 U.S. 370, 380, 110 S.Ct. 1190, 108 L.Ed.2d 316 (1990)).

. Central to that analysis, in my view, is determining what standard of harmlessness applies, and who bears the burden of proof, when a claim of constitutional error is raised within the plain error context. The lead opinion declines to address this issue, and Utah case law is not entirely clear on the point. Compare State v. Cruz, 2005 UT 45, ¶ 18, 122 P.3d 543 (declining to decide whether plain error review applies to claims of structural error in jury instructions, but noting that under federal law an appellant claiming constitutional error "who did not object at trial may only argue plain error or ineffective assistance of counsel on appeal and thus must prove prejudice"), and State v. Malaga, 2006 UT App 103, ¶ 11, 132 P.3d 703 (stating in context of a challenge to jury instructions that under the ineffective assistance of counsel exception to preservation, defendant has the burden of demonstrating prejudice even for structural errors), with State v. Maestas, 2012 UT 46, ¶¶ 158-65, - P.3d - (rejecting claim of prosecutorial misconduct under plain error review because any error was harmless beyond a reasonable doubt), State v. Ross, 2007 UT 89, ¶ 54, 174 P.3d 628 (stating in plain error context that "[if prosecutorial misconduct is established, the State must show that the error was harmless beyond a reasonable doubt"), State v. Duran, 2011 UT App 254, ¶ 13, 262 P.3d 468 (applying harmless-beyond-a-reasonable-doubt standard to plain error review of state witness's comment on defendant's invocation of right to remain silent), and In re M.C., 2003 UT App 429, ¶ 28 n. 12, 82 P.3d 1159 (stating in dicta in plain error context that " 'with respect to certain federal constitutional errors, ... the State [bears] the burden of proving that the error was harmless beyond a reasonable doubt'" (alteration and omission in original) (quoting State v. Verde, 770 P.2d 116, 121 n. 8 (Utah 1989))).
In any event, as the lead opinion points out in footnote 6, by the time the jury here was instructed that "[eJvidence of this defense must be presented by the defense," Cox had in fact presented evidence of the defense. See supra ¶ 6 n. 6. Accordingly, it appears to me that any error, constitutional or otherwise, was not only harmless, and harmless beyond a reasonable doubt, but harmless beyond all possible doubt.