This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                **NO. 35,559**

**STEVEN ANAYA,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Brett R. Loveless, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

{1} Defendant appeals his convictions for second-degree criminal sexual penetration (child aged 13-18, force or coercion) and selling or giving alcohol to a minor. We issued a notice of proposed disposition proposing to affirm, and Defendant has responded with a memorandum in opposition and a motion to amend the docketing statement. We have carefully considered the arguments raised by Defendant, but we continue to believe that affirmance is warranted. For the reasons set out below and in our notice of proposed summary disposition, we deny the motion to amend, and we affirm.

**MOTION TO AMEND**

{2} Defendant moves to amend the docketing statement to add the following issue. Based on a conversation with Defendant, appellate counsel states that evidence of the existence of a lapel video and certain unidentified photographs may have been introduced during the trial. [MIO 4] The alleged lapel video may or may not have contained a recording of the victim's initial interview by the investigating officer, and it was not disclosed by the State prior to the trial. [Id.] According to Defendant, a motion for mistrial was made when this evidence came out during the trial. [Id.] Trial counsel confirms that a mistrial motion was made based on the late disclosure of certain evidence; he does not believe that the evidence was a lapel video, but he cannot remember what it was. [Id.] This issue, concerning the State's belated

disclosure of evidence, was not set out in the docketing statement as an issue for appeal. Accordingly, Defendant now moves to amend his docketing statement to add the issue.

**{3}** A timely motion to amend the docketing statement will be granted if it states all facts material to a consideration of the issues sought to be raised, explains how those issues were preserved, explains why they were not originally raised in the docketing statement, and complies with the rules of appellate procedure. *State v. Rael*, 1983-NMCA-081, ¶ 15, 100 N.M. 193, 668 P.2d 309. In addition, the issue sought to be raised must be viable. *State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *superseded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730. Pursuant to the discussion below, we conclude that the issue Defendant seeks to raise is too speculative to be viable at this point, and it is more appropriately raised in a habeas corpus proceeding where the facts supporting it can be fully developed.

**{4}** As Defendant argues, the State's failure to disclose evidence prior to trial can be grounds for reversal under certain circumstances. *State v. Allison*, 2000-NMSC-027, ¶ 6, 129 N.M. 566, 11 P.3d 141. Courts consider a number of factors in deciding whether reversal is appropriate, including the following: (1) whether the state intentionally deprived the defendant of evidence or otherwise breached a duty owed

to the defendant; (2) whether the non-disclosed evidence was material; (3) whether defendant was prejudiced by the non-disclosure of the evidence; and (4) whether the trial court did something to cure the prejudice, such as allowing the defendant an opportunity to investigate the significance of the evidence and respond to it, or limiting the use of the evidence. *Id.* ¶¶ 6, 20-23. In this case, it is impossible to determine whether the *Allison* factors, particularly the materiality and prejudice requirements, have been satisfied. This is because there is not enough information about the nature of the late-disclosed evidence, or perhaps non-disclosed evidence. Defendant argues that it is possible that the evidence may have been a lapel video that may have contained the investigator's initial interview of the victim. [MIO 8] This possibility is contradicted by trial counsel, an officer of the court, who does not believe the evidence was a lapel video. In addition, we note that the late-disclosed, or perhaps non-disclosed, evidence was not significant enough to spur trial counsel to mention the matter in the docketing statement, even though trial counsel is an experienced defense attorney. Without knowing the nature of the evidence we cannot even attempt to decide whether it was material to the defense or whether Defendant suffered any prejudice as a result of either the late disclosure or the non-disclosure of the evidence. *See Allison*, 2000-NMSC-027, ¶¶ 17-19 (discussing standards for showing that late-disclosed evidence was material and that late disclosure prejudiced

the defendant). We therefore determine that this issue is more appropriately raised in a habeas corpus proceeding, during which a court can determine what the evidence was, why it was not disclosed prior to trial, and whether Defendant was prejudiced as a result. *See, e.g., State v. Paredez*, 2004-NMSC-036, ¶ 22, 136 N.M. 533, 101 P.3d 799 (noting, in the context of an argument concerning ineffective assistance of counsel, that when the record on appeal does not contain all the facts necessary for a full determination of the issue, the claim is more properly brought through a habeas corpus petition).

{5}     Defendant argues alternatively that it is possible that the lapel video was not disclosed at all, even during trial, but that its existence was merely mentioned by one of the witnesses. [MIO 9] According to Defendant, this scenario would present a *Brady* violation requiring reversal of his convictions. [Id.] *See, e.g., State v. Balenquah*, 2009-NMCA-055, ¶ 15, 146 N.M. 267, 208 P.3d 912 (discussing the fact that requirements of *Brady v. Maryland*, 373 U.S. 83 (1963), apply when evidence is first disclosed after trial, but not if the evidence is disclosed during trial). Again, however, this argument rests on pure speculation, contradicted by trial counsel, that the existence of a lapel video was ever an issue during the trial. In addition, while Defendant further speculates that if the lapel video existed it may have contained exculpatory evidence, we will not determine that the *Brady* issue is viable on the basis

5

of speculation. We again point out that this issue is one better developed through a habeas corpus proceeding.

{6}     Defendant requests that we allow him to obtain a transcript, either by placing this case on the general calendar or by providing such a transcript, in order to flesh out the possible facts that might be relevant to the issue of the late disclosure or non-disclosure of evidence. [MIO 9-10] We recognize that, in extraordinary circumstances, allowing a transcript to be obtained while the case is still on the summary calendar could be an appropriate remedy where trial counsel cannot remember certain details of events that occurred during trial. *See State v. Ibarra*, 1993-NMCA-040, ¶ 4, 116 N.M. 486, 864 P.2d 302. It is true that this case does present an instance in which trial counsel has had a memory lapse concerning one aspect of the trial. However, we decline to order a transcript because it is completely unclear whether such a transcript would be helpful in resolving the questions raised by the motion to amend or would assist Defendant in raising a possibly-meritorious issue. Appellate counsel has no real idea whether a lapel video exists or, if it does (again, contrary to trial counsel's recollection), whether it contains an interview with the victim. Trial counsel, an experienced defense lawyer, would be expected to recognize that a lapel video could be a crucial piece of evidence, but he did not deem the late-disclosed-evidence question to be significant enough to be included in the docketing statement. The issue

Defendant seeks to investigate is simply too speculative to justify the delay and expense that would result from ordering a transcript at this stage of the proceedings. Once again, we believe a habeas corpus proceeding is a preferable avenue of possible relief for Defendant; during such a proceeding, Defendant can develop the facts necessary to support his claim, most or all of which do not appear to have been made of record during the trial.

{7}    For the foregoing reasons, we deny the motion to amend the docketing statement.

**ISSUES**

{8}    Defendant renews his argument that the late interviews with the State's witnesses were a violation of Rule LR2-400 NMRA (2015, recompiled and amended as LR2-308 effective Dec. 31, 2016) and that the district court abused its discretion by allowing the trial to go forward despite that violation. In the notice of proposed summary disposition, we pointed out that this rule requires sanctions to be imposed where a party violates a scheduling order. We added that the violation here was due not to a party but to the victim and her family, who changed their telephone number, did not remain in contact with the State until just before trial, and did not respond to correspondence sent to them. We proposed to hold that the district court did not abuse

7

its discretion in withholding sanctions where the State was not at fault in causing the violations of the rule.

{9} Defendant takes issue with our reasoning, pointing out that the State has investigators who could have found the victim's family sooner. [MIO 10] Defendant suggests that it is noteworthy that the State was able to locate these witnesses "minutes before [the State] would have been forced to dismiss its case." [Id.] Defendant adds that the district court should have refused to extend the discovery and trial deadlines "at the pleasure of the State and the victim's family, who could not be bothered to stay in touch even though the case was several years old already." [Id.] As Defendant acknowledges, we review this issue only for an abuse of discretion by the district court. *See State v. Harper*, 2011-NMSC-044, ¶ 16, 150 N.M. 745, 266 P.3d 25. Refusing to extend the trial and discovery deadlines would have resulted in dismissal of the case or exclusion of crucial witnesses, and these extreme sanctions are appropriate only where a defendant is able to demonstrate prejudice and the State's conduct was especially culpable. *Id.* ¶¶ 16-17. The district court had before it all of the information about the family's failure to stay in contact as well as the State's explanation for what had occurred. The district court decided not to sanction the State by either dismissing the case or excluding the witnesses, and we cannot say that

8

decision was an abuse of discretion, particularly where Defendant has not demonstrated any specific prejudice.

{10}    Defendant also argues that he had too little time to prepare for trial between the interview of the family witnesses, including the victim, that took place on August 28, 2015 and the trial that was held three days later on August 31, 2015. [MIO 12] In our notice we pointed out that it was incumbent on Defendant to demonstrate specific prejudice resulting from this short time period, rather than solely relying on the small number of days elapsing between the interviews and the trial. In response, however, Defendant simply states that he was prejudiced by the lack of time to investigate the witness's statements and to prepare to impeach them, without providing any specifics as to what avenues of investigation he might have pursued if he had been given more time. [Id.] As we stated in our notice, however, "[a]n assertion of prejudice is not a showing of prejudice." *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318. We affirm for the reasons stated in our notice as well as Defendant's failure to demonstrate specific prejudice.

{11}    Defendant finally argues that the State did not sufficiently prove the elements of either offense of which he was convicted. [MIO 13-15] The only specific attack he makes on the evidence is a claim that the minor who testified that Defendant gave him alcohol was biased because his sister was the victim of the sexual offense. [MIO 15]

It is axiomatic that the credibility of witnesses is for the jury to weigh, rather than for this Court on appeal. *State v. Griffin*, 1993-NMSC-071, ¶ 18, 116 N.M. 689, 866 P.2d 1156. Having considered Defendant's arguments concerning the sufficiency of the evidence, we are not persuaded.

{12}     Based on the foregoing discussion as well as the analysis set out in the notice of proposed disposition, we affirm Defendant's convictions.

{13}     **IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**M. MONICA ZAMORA, Judge**


_____
**HENRY M. BOHNHOFF, Judge**